## CORCORAN *v.* RIDDELL.

The return of a citation of the husband, which shows a service made upon the wife, without stating that the husband was absent from his domicil, is defective. The fact of absence must appear from the return, unaided by other evidence.

The vendor of a judgment, who stipulates against any recourse or claim whatsoever against him, is not relieved from the implied warranty of the existence of the debt at the time of the transfer, in the form in which it purported to exist, that is to say, in the form of a judgment.

Even in case of stipulation of no warranty, the seller, in case of eviction, is liable for a restitution of the price, unless the buyer was aware at the time of the sale of the danger of eviction, and purchased at his peril; and this principle of the contract of sale, applies not only to the sale of corporeal things, but also to the sale of a debt.

Where the seller is in good faith, and the purchaser is evicted of the thing bought, the measure of damages against the former, is the restitution of the price and the costs of the action under which he was evicted.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Warfield*, for plaintiff. *Bartlette*, for defendant. *Pitot*, for the Citizens' Bank, called in warranty.

By the court:[*]

SLIDELL, J. The district judge did not err in adjudging the nullity of the judgment rendered in favor of the *Citizens' Bank v. Corcoran*. The validity of that judgment depends upon the return of service of citation, unaided by other evidence. The return is defective, for it shows a service made upon *Corcoran's* wife, without stating that he was absent from his domicil at the time of service. The code allows a service by delivering the citation to a free person, apparently above the age of fourteen years, living in the house when the defendant is absent. 189 C. P. The fact of absence must appear. *Oakey* v. *Drummond*, 4 Ann. 363. *Kendrick* v. *Kendrick*, 19 L. R. 38.

When this suit was brought against *Riddell* to annul the judgment, he called in warranty the *Citizens' Bank*, from whom he purchased, and prayed, that in case it should be decided that the judgment against *Corcoran* was null, the ban should be condemned to pay him its amount, with interest and costs; and als prayed for general relief.

It appears that the bank obtained a judgment against *Whalin* and *Corcora* on sundry notes made by *Whalin*, for the payment of which *Corcoran* was s to have bound himself. This judgment the bank assigned to *Riddell*, for a pr in cash equal to about one-tenth of its amount, by a written transfer, in which was stated that the assignment was made without any recourse or claim wsoever against the vendor. The district judge was of opinion that, under s agreement, the defendant took on himself all the risk of the speculation, and d no right to look to the bank for reimbursement. There being no evidence of y

---

[*] *Preston*, J., declined sitting in this case, being a stockholder in the *Citizens' Bank*.

Corcoran<br>*v.*<br>Riddell.

additional agreement, the liability of the bank rests solely upon the written contract, and, we are of opinion, that the district judge erred in its interpretation. It unquestionably relieved the bank from any guarantee of the solvency of the debtors, but not from the implied warranty of the existence of the debt at the time of the transfer, in the form in which it purported to exist, that is to say, in the form of a judgment. It turns out that the judgment had no legal existence. Thus, the indebtedness of *Corcoran*, supposing it to exist at all, of which we have no evidence, exists in a form less advantageous to the purchaser. He has not the right of issuing execution against *Corcoran*, nor the means of obtaining a judicial mortgage upon his property; and the indebtedness of *Corcoran* is as matter *in pais* and disputable, instead of being *res judicata*. If we were permitted to interpret the language of the contract by the mere standard of common parlance, considered in connection with the lowness of price, we might perhaps say, that any warranty whatever was excluded. But the code is very stringent on this point, and has expressly provided that, even in case of stipulation of no warranty, the seller, in case of eviction, is liable to a restitution of the price, unless the buyer was aware, at the time of the sale, of the danger of the eviction, and purchased at his peril and risk. This principle of the contract of sale, applies not only to the sale of corporeal things, but also to the sale of a debt. See Civil Code 2616. Troplong No. 935, 936, 937. Merlin *verbo* Garantie des creauces. *Toler v. Swayze*, 2 Ann. 881.

We are of opinion, therefore, that the district judge erred in giving judgment in favor of the bank, and thus throwing upon *Riddell* the costs of the action of nullity.

We are clearly of opinion that *Riddell* was not entitled, under the terms of the sale, to recover from the bank the whole amount of the debt purchased by him at one-tenth of its face. The bank was in good faith; and the true equity between buyer and seller, in a case of this sort, is, clearly, that neither should be enriched by the transaction, if it be rescinded. The recourse of *Riddell* must be limited to an indemnity for the costs of this action and to the restitution of the price. If there had been a formal prayer for the rescision of the sale, so as to have presented a distinct issue as to his right to such relief, we would have accorded to it, under the evidence before us. But, as the case is presented, it is more equitable to leave the matter open, relieving him only to the extent to which he was clearly entitled Indeed, as the cause has been conducted, it does not appear whether *Riddell* desired to annul the sale, or whether the bank might not have assented to the rescision, if asked; for, it will be observed that the validity of the judgment against *Whalin* is undisputed.

It is therefore decreed, that the judgment of the district court, so far as it annuls the judgment against *Corcoran*, be affirmed; that, in other respects, it be reversed; that all the costs of suit in the court below, and those of this appeal, be paid by the *Citizens' Bank*, and that the right of *Riddell* to sue for a rescision of the sale, be reserved.