No. 2942.—SUCCESSION OF ROBERT GAMBLE. Contestation between Legatees under the Will.

A pew in a church, being attached to the realty, is of the character of an usufruct, and must be classed as an incorporeal immovable. C. C. 470.

Notes, given for the rent of real estate, do not partake of the realty, and are, therefore, not to be classed as a part of the realty. Therefore a legatee, entitled to all the testator's estate, except real estate, will take the rent notes or their proceeds, while the legatee, entitled to the real estate, will take the pew in the church, that being classed as a part of the realty.

APPEAL from Second District Court, parish of Orleans. *Duvigneaud, J. A. L. Tissot,* for Mary Gamble, opponent and appellant. *Clark, Bayne & Renshaw,* for Mrs. Amanda L. Gamble and others, opponents and appellants. *E. Filleul,* for Thomas Robertson, executor and appellee.

TALIAFERRO, J. The testator lived in Illinois at the time of his decease. He left a considerable estate, both in Illinois and in Louisiana. His debts were few and inconsiderable. He died without heirs, either in the ascending or descending line. He gave by his will to his wife the family residence and some other lots of ground in the town of Bunker Hill, in Illinois, and directed his executors to pay over to her six thousand dollars out of the proceeds of his real estate in New Orleans, which, with the exception of a few lots, made the subject of special legacies, he directed to be sold. He also made to her a further donation in these words· "Also all my personal property, of what-

ever name or nature soever, intending this bequest to include every thing of which I am now possessed, except real estate."

After directing several legacies of a particular kind, the testator concludes the disposition of his property as follows: "I give and bequeath unto my sister, Mary Gamble, all the remainder of my property, not hereby otherwise disposed of, of every name, nature and kind whatsoever.' Three executors were appointed, two of them citizens of Illinois, the other a citizen of Louisiana. The executor in Louisiana made an inventory of the property of the succession in this State, had the real estate sold, that was required to be sold by the will, and filed a final account and a tableau, by which he proposed to pay the creditors and legatees. As part of the property of the succession, six several promissory notes, each for the sum of $350, were placed on the inventory. These notes were for the rent of property in New Orleans, and appear in the account in the form of two judgments in which they were merged, one for the sum of $1750 and interest, and the other for $875 and interest. There was also entered upon the inventory a pew in Christ Church. The executor placed, among the debts of the succession, the sum of $2624 52, alleged to have accrued in Illinois, and, as was shown, allowed by the Probate Court of the county in which the testator had lived, and in which his estate in Illinois was opened. The controversy in this case has arisen in relation to which of the two legatees, under universal titles, the wife or the sister of the testator, the pew and the proceeds of the rent notes are to be distributed, and in regard to the admission of the debts from Illinois, as charges against the succession in this State. The pew and the proceeds of the rent notes were treated by the executor as real estate, and assigned to Miss Mary Gamble as part of her legacy. An opposition was filed on her part to the payment of the claims, allowed in Illinois, on the ground that they are not owing by the succession. On the part of Mrs. Amanda L. Gamble, an opposition was filed, claiming that under the provisions of the will, she is entitled to the pew and to the proceeds of the notes in controversy as personal property, and praying judgment accordingly. There was also an opposition filed by the sheriff, claiming costs against the succession to the amount of thirty dollars, which the executor had omitted to place on the tableau.

A mass of testimony was taken in Illinois, under commission, in regard to the several claims, amounting to $2624 52 and transferred to this State for payment. The court dismissed the opposition of Mrs. Amanda Gamble, sustained that of the sheriff and that of Miss Gamble, except as to two items, the one for $1000, an attorney's fee, and the other for $150, a medical bill. As thus amended, the court rendered judgment, homologating the tableau and ordering that the funds

be distributed in accordance therewith. From this judgment Mrs. Amanda Gamble has appealed.

The principal questions arising in this case are :

*First*—Is the widow of the testator entitled under the will to the pew and the proceeds of the notes originally given for the rent of real estate ?

*Second*—Can the Illinois debts be legally acquitted out of the funds arising from the sale of the testator's property in Louisiana ?

The right to the use of a pew has been defined to be an incorporeal interest in the property. In a few of the States of this Union, pews are considered as real estate ; in others as personal property. In the State of New York the precise nature of such property does not seem to be well settled. We incline to apply in this case the rule laid down in article 470 [462] of our Code. "Incorporeal things, consisting only in a right, are not of themselves strictly susceptible of the quality of movables or immovables ; nevertheless, they are placed in one or the other of these classes, according to the subject to which they apply and the rules hereinafter established." The right, therefore, being of the character of usufruct, in as much as it applies to an immovable, we consider it an incorporeal immovable. The pew then was properly assigned to Mary Gamble, as it is embraced by that clause of the will in which the testator declares: "I give and bequeath to my sister, Mary Gamble, all the remainder of my property, not hereby otherwise disposed of, of every name, nature and kind whatsoever."

The rent notes, it is argued, being for the revenue derived from the rent of the real estate, partake of the realty, and should go with the real estate to the legatee receiving it or its proceeds. We can not adopt this view of the character of the notes. Article 474 [465] of the Civil Code describes as movables "obligations and actions, the object of which is to recover money due or movables, although these obligations are accompanied with a mortgage." Article 475 [467]: "All things, corporeal or incorporeal, which have not the character of immovables by their nature, or by the disposition of the law, according to the rules laid down in this title, are considered as movables." Promissory notes have not the character of immovables by their nature or by disposition of law, and they must be taken as personal property. Such instruments are sold every day and pass by indorsment or delivery. They are good in the hands of any holder acquiring them in good faith. Their character of personalty is not changed by the consideration for which they may have been given. The counsel of Miss Gamble aims to show that the testator treated his Illinois and Louisiana estates in accordance, as the counsel contends, with the statute of Louisiana, and would seem therefore to infer that the bequest, to Mrs. Gamble, of all the testator's personal property should be limited to the personal estate in Louisiana.

Without adverting to the universally received maxim, *mobilia sequntur personam,* the legal fiction which locates all the personal property of the testator wherever situated, at his place of residence, and subjects it to the law of his domicile, the language used by the testator is too broad, distinct and clear to admit of such a construction.   After disposing of his houses and lots in favor of his wife, the testator adds: "Also, all my personal property of whatever name or nature soever, intending this bequest to include every thing of which I am now possessed, except real estate."   This, unquestionably, embraced and included the promissory notes in question.   In regard to the debts of the testator in Illinois no law prohibits their payment, when duly proved, out of funds of his estate in Louisiana.   Even under the bankrupt laws, both of Great Britain and the United States, foreign creditors are permitted to prove their claims and participate in the assets surrendered by the bankrupts.   And where a debtor dies insolvent, leaving property in different countries, and separate administrations are taken out, this, perhaps with some limitations, is no bar to the right of all the creditors to participate in the distribution of the entire estate.   But the complications and difficulties that frequently arise in regard to the adjustment and settlement of the claims of creditors, residing in different countries, in cases of insolvent estates, where part of the assets are in one country and part in another, and are under different administrations, principal and ancillary, do not arise in this case.   The succession of Gamble was not burdened with debts.   The liabilities were few and of but little importance, compared with the value of the property.   The succession is amply able to pay all the creditors of the testator, wherever their domicile.   There is then no good reason, why the executor in Louisiana may not pay the foreign creditors on sufficient proof, before our courts, of the legality and correctness of their claims.   The claims that have been presented here and admitted by the executor, have been opposed and strictly scrutinized.   Testimony in relation to them has been taken in Illinois under commission.   More than one-half these claims, in amount, were rejected by the court below.   Two only were admitted; the fee of the attorney, Walker, one thousand dollars, and a medical bill, amounting to one hundred and fifty-one dollars.   The action taken by the lower court on these claims we think correct.   The judgment must be altered in regard to the disposition of the promissory notes taken for the rent of real estate in New Orleans.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court, dismissing the opposition of Amanda Gamble, be annulled, avoided and reversed, so far as relates to her claim therein set up to the rent notes figuring on the tableau of the executor in the form of two judgments. one for the sum of $1750 with the interest,

NEW ORLEANS, JANUARY, 1871. 13

Succession of Gamble. Contestation between Legatees under the Will.

the other for the sum of $875 with interest. It is further ordered and adjudged that the said two judgments or their proceeds be decreed to be the property of the said Amanda Gamble, widow of the testator; that the executor amend his tableau accordingly and pay over the proceeds of the said judgments to the said opponent. It is further ordered and adjudged that the judgment of the District Court, as herein altered and amended, be affirmed.

Rehearing refused.