No. 2639

Second Circuit

DE SOTO MERCANTILE CO., INC., v. SEBASTIAN

(April 5, 1929. Opinion and Decree.))

Parsons and Colvin, of Mansfield, attorneys for plaintiff, appellee.

William M. Pollock, of Mansfield, attorney for defendant, appellant.

REYNOLDS, J. Defendant, Dan H. Sebastian, as owner and holder of a check for $461.36, dated February 16, 1924, signed S. L. Carroll, Receiver, drawn on the Bank of Zwolle, Zwolle, La., and payable to D. H. Sebastian, endorsed the check in blank and delivered it to plaintiff, which duly presented it to the drawee for payment, and payment being refused, plaintiff brought this suit against the payee and endorser to obtain judgment for the amount of the check with legal interest from its date.

Defendant set up by way of defense that if originally liable he had been released from liability because the check had not been protested and he notified of its dishonor and because plaintiff had, without his consent, extended to the drawer time to pay the check after its dishonor, that he had received no consideration for the endorsement or transfer, and that he had endorsed it merely as an accommodation to plaintiff.

And assuming the character of plaintiff in reconvention he alleged that S. L. Carroll, Receiver, was indebted to him in the sum of $485.58 and had refused to pay him the debt because plaintiff was asserting that he was indebted to plaintiff for the amount of and on account of the check, and he prayed judgment in reconvention against plaintiff for that amount with legal interest thereon from February 16, 1924.

On these issues the case was tried and. there was judgment in favor of the plaintiff and against the defendant for the amount sued for and defendant appealed.

## OPINION

Sec. 118 of the Negotiable Instruments Act (Act No. 64 of 1904) provides:

"Sec. 118. * * * but protest is not required except in the case of foreign bills of exchange."

Section 129 of the Act provides:

"Sec. 129. An inland bill of exchange is a bill which is, or on its face purports to be, both drawn and payable within this state. Any other bill is a foreign bill. Unless the contrary appears on the face of the bill, the holder may treat it as an inland bill."

The drawer and drawee, and payee and endorser of the check were all residents of the State of Louisiana, and therefore the check was an inland bill.

The evidence shows that as soon as the check was returned unpaid to plaintiff it notified defendant of the fact and at his request plaintiff presented it for payment a second time and again it was dishonored.

Defendant's endorsement of the check was without qualification, and it is provided in Section 66 of the Negotiable Instruments Act that every endorser who

endorses without qualification warrants that it shall be paid by the drawee and if dishonored that he himself will pay it.

Aside from this, the transaction between plaintiff and defendant was a purchase by plaintiff and sale by defendant of the check and carried an implied warranty that there were funds on deposit in the drawee bank to meet it and that it would be paid on presentation (Civil Code, article 2501), and the seller was liable for the restitution of the price (Civil Code, article 2506).

"One who sells a credit or an incorporeal right, warrants its existence at the time of the transfer, even though there was no warranty expressed."

Civil Code, article 2646.

Said the Supreme Court in Corcoran vs. Riddell, 7 La. Ann. 268:

"But the Code is very stringent on this point, and has expressly provided that even in case of stipulation of no warranty, the seller, in case of eviction, is liable to a restoration of the price, unless the buyer was aware at the time of the sale of the danger of eviction, and purchased at his risk and peril. This principle of the contract of sale applies not only to the sale of corporeal things, but also to the sale of a debt."

The defense that defendant was released from liability because plaintiff had allowed time to the drawer in which to pay the check is without merit. The contention is only a conclusion of defendant's and not supported by the facts. Both I. C. Nelson, president of plaintiff company, and S. L. Carroll, the maker of the check, testified positively that no time for payment had been allowed.

Besides this, inasmuch as defendant was primarily liable as vendor of the credit he could not have been released even if the drawer or drawee had been extended time in which to pay. This would be so only in case defendant was only secondarily liable. (Civil Code, article 3061.)

The consideration for the sale was cash or its equivalent. Defendant was indebted to various persons and. at his request plaintiff paid with its own checks his debts to these persons, and paid him in cash the difference between the aggregate of these debts and the amount of the check. Defendant was logging the saw mill operated by S. L. Carroll, Receiver, and was indebted to his employees for work performed by them in that connection, and it was his debts to these employees that plaintiff paid with its own money and the money so paid and the difference between it and the amount of the check paid by plaintiff to defendant represents the consideration or price of the check.

The evidence shows that plaintiff was very considerate of defendant in the premises and did not institute suit against him for the debt until more than a year after the check was returned unpaid. This delay was a consideration shown defendant and was not time extended the drawer of the check in which to pay.

The District Judge who saw and heard the witnesses testify gave judgment for plaintiff, the judgment is correct, and accordingly it is affirmed.