### TOMLINSON v. THURMON et al.

No. 5491.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Rehearing Denied Jan. 28, 1938.

Writ of Certiorari and Review Granted March 7, 1938.

Elder & Elder, of Ruston, for appellants.

Truett L. Scarborough, of Ruston, for appellee.

DREW, Judge.

John W. Thurmon, Edith Thurmon, and L. D. Bartell, styled herein as assignors, for a consideration of $600 cash, granted, bargained, sold, and conveyed unto J. C. Tomlinson, styled assignee, his successors and assigns, all rights, title, and interest in and to a certain oil, gas, and mineral lease executed by James Jones et al., in favor of John W. Thurmon, covering the east half of southeast quarter, section 27, township 18 north, range 4 west, Lincoln parish, La., only in so far as said lease covers and applies to the northeast quarter of southeast quarter, section 27, township 18 north, range 4 west, Lincoln parish. The transfer is on a regular assignment stock form and is dated October 14, 1935. At the time of the assignment above stated, there existed two mortgages which operated against the property described in the assignment, and operated against said property at the time assignors secured from James Jones the original lease. One of the mortgages was in favor of the Federal Land Bank of New Orleans, and the other, of date January 3, 1930, was made "in favor of myself" and the notes indorsed by James Jones. It was pledged as collateral to secure the payment of another note, signed by James Jones, to the Bank of Simsboro, and by the Bank of Simsboro indorsed and transferred to the First National Bank of Ruston; which bank entered suit on said note on February 20, 1936, and secured judgment in the sum of $2,285 with interest and attorney's fees, less a credit of $42, paid June 12, 1935. The judgment recognized the bank's lien and privilege as pledgee of said mortgage note, and ordered that it be enforced against the land described in said mortgage, which covered the land on which the assignment of the mineral lease made to J. C. Tomlinson covers.

The judgment ordered the land to be seized and sold by the sheriff and that the bank be paid by preference and priority out of the proceeds of the sale. The property was, in accordance with said judgment, sold at public sale on May 20, 1936, and purchased by the First National Bank of Ruston.

On July 16, 1936, J. C. Tomlinson instituted this suit, alleging the facts above

**208**

set out, and further alleged that the encumbrance and sale above described wiped out, made ineffective, and worthless the lease he acquired by assignment from John W. Thurmon, Mrs. Edith Thurmon, and L. D. Bartell on October 14, 1935, and that he was deprived of all rights of whatsoever kind designated in the original lease from James Jones et al., to John W. Thurmon; that he has been evicted and prohibited from exercising his rights to explore for oil, gas, or other minerals in and under the property described in the assignment. He further alleged that when defendants sold the above-described lease to him, they warranted same to be free of all encumbrances and guaranteed the title and possession of said property; that they have failed to comply with their guaranty agreement and the legal warranty, as provided by law, by returning to petitioner the purchase price which he paid to defendants. He prays for judgment in solido against all three defendants in the sum of $600 with 5 per cent. per annum interest from May 20, 1936, until paid, and for all costs.

Defendants excepted to plaintiff's petition for the alleged reason it neither stated a cause or right of action because:

"First: A person or persons who convey or otherwise transfer an incorporeal right such as an oil and gas lease warrant nothing except the existence of the right and do not warrant, unless the conveyance so stipulates, the transferee against encumbrances against the thing transferred;

"Second: For such other reasons as may be advanced on argument of said exception and in brief to be submitted in support of said exception; * * *"

The other reasons advanced in argument are that the assignment did not transfer the thing itself, but only the defendants' right, title, and interest in the lease, and there is no legal warranty of title, under such a sale or assignment.

The lower court overruled the exception and defendants answered and included in the answer a plea of estoppel. The plea of estoppel was rejected by the lower court, and is not urged by the defendants here. The exception of no cause or right of action is re-urged in the answer; and is, in fact, the answer, with the additional denial that plaintiff lost the lease by the mortgage foreclosure.

This defense is based upon the fact that a copy of the mortgage was not offered in evidence and, therefore, there was no evidence to show the mortgage contained the pact de non alienando; unless the mortgage did contain the pact de non alienando, plaintiff's rights would not be affected. Plaintiff has attached to his brief a copy of the original mortgage in question, and admits it was not filed in evidence below, through inadvertence on his part, and prays that if we find this question necessary to a determination of the case, that we remand the case for the introduction of this evidence. The copy attached to the brief does contain the pact de non alienando; and, if we find this evidence necessary to a decision, justice will demand that we remand the case, in order that it might be introduced in evidence. We will, therefore, discuss the case as though the document had been filed in evidence below.

The record discloses there was no express warranty of title and, if there is found to be any warranty, it must be a legal warranty, one implied by law, and flowing from the instrument which assigned the lease. The lower court found there was a legal warranty. It applied articles 2501 and 2505 of the Revised Civil Code and rendered judgment for plaintiff in the sum of $200 with interest and costs against John W. Thurmon, and a like amount against Mrs. Edith Thurmon. The other assignor was never served and made no appearance in the case. The two defendants cast prosecuted this appeal.

Article 2449, Revised Civil Code, provides that all things of value, corporeal or incorporeal, may be the subject of a sale; therefore, a contract to explore mineral land was assignable or saleable. Anse La-Butte Oil & Mineral Co. v. Babb, 122 La. 415, 47 So. 754.

The warranty provided by law, in case of eviction where corporeal property is the subject of the sale, is set forth in articles 2501 to 2506, inclusive, of the Revised Civil Code, and the buyer is at least entitled to the restitution of the price. The seller of an incorporeal right warrants its existence at the time of the transfer. Revised Civil Code, art. 2646.

In Gulf Refining Company of Louisiana v. Glassell, 186 La. 190, 171 So. 846, the court held that a mineral lease grants only the use and enjoyment of the thing leased, and is a personal right.

Article 460 of Revised Civil Code defines "corporeal" and "incorporeal" property as follows:

"Things are divided, in the second place, into corporeal and incorporeal.

"Corporeal things are such as are made manifest to the senses, which we may touch or take, which have a body, whether animate or inanimate. Of this kind are fruits, corn, gold, silver, clothes, furniture, lands, meadows, woods, and houses.

"Incorporeal things are such as are not manifest to the senses, and which are conceived only by the understanding; such as the rights of inheritance, servitudes and obligations."

Articles 470 and 471 of Revised Civil Code classify corporeal things as follow:

470. "Incorporeal things, consisting only in a right, are not of themselves strictly susceptible of the quality of movables or immovables; nevertheless they are placed in one or the other of these classes, according to the object to which they apply and the rules hereinafter established."

471. "The following are considered as immovable from the object to which they apply:

"The usufruct and use of immovable things.

"A servitude established on an immovable estate.

"An action for the recovery of an immovable estate or an entire succession."

We therefore conclude that a mineral lease which gives the right to explore for oil and gas on a certain described tract of land is an incorporeal immovable, being an incorporeal right on immovable property. Succession of Gamble, 23 La.Ann. 9; Succession of McBurney, 165 La. 357, 115 So. 618; Hanby v. Texas Co., 140 La. 189, 72 So. 933.

The legal warranty provided by articles 2501 and 2505, Revised Civil Code, apply alike to both movables as well as immovable property; therefore, the classification of a mineral lease as an incorporeal immovable does not bring it under the provisions of those articles, unless the warranty, provided in Revised Civil Code, art. 2646, applies. Although it is an immovable, it still remains an incorporeal right and is governed as to warranty by article 2646 of the Revised Civil Code, and under the provisions of this article, the seller or transferor of any credit, claim, or right warrants only the existence of such right, claim or credit at the time of the transfer; but in no case warrants the payment or satisfaction of the credit, claim, or right assigned unless he has specially agreed to do so. Guaranty Mortgage & Securities Co., Inc. v. Millsaps, 178 La. 255, 151 So. 197; Ratcliff v. McIlhenny, 157 La. 708, 102 So. 878.

We are aware of the statement made by the court in the case of Lemoine v. City of Shreveport, 184 La. 221, 165 So. 873, 875, wherein the court said:

" * * * and article 2505 which declares that even in the case of the stipulation of no warranty, the seller, in case of eviction, is liable to restitution of the price, unless the buyer was aware, at the time of the sale, of the danger of eviction, and purchased at his peril and risk. Article 2505 applies not only to the sale of corporeal things, but also to the sale of debts, or incorporeal rights. Corcoran v. Riddell, 7 La.Ann. 268; Jenkins v. Parish of Caddo, 7 La.Ann. 559."

In our humble opinion, this statement of the court, taken alone, is not the law as laid down by Revised Civil Code. Generally, article 2505 provides for legal warranty in the sale of all things, all rights corporeal, and only applies to the sale of incorporeal rights when the rights sold did not exist at the time of the transfer. We think from a careful reading of the two cases cited in the Lemoine Case, above quoted, that they justify our views. If this were not true, article 2646 of Revised Civil Code would be meaningless and would have no place in the Code. When an incorporeal right is sold, and it develops that the right did not exist at the time of sale, then article 2646 provides that the seller is liable under a legal warranty, and article 2505 fixes the extent of the warranty which is. the restitution of the price.

We therefore find that if the lease assigned by defendants to plaintiff on October 14, 1937, was in existence at that time, the warranty provided for by article 2646 has been complied with; and the fact that at some later date the lease became nonexistent through no fault of defendants, they cannot be held liable under the warranty. It is admitted that the lease was in existence at the time of the assignment to plaintiff. Plaintiff cannot, under the law, be held to have guaranteed title to the property upon which the lease operated. The lower court relied chiefly upon the case of Lockwood Oil Company v. Atkins, 158 La. 610, 104 So. 386, in arriving at a decision in this case. We do not think our conclu-

sions here are in conflict with that case, when the facts of that case are considered. Atkins assigned certain mineral leases to plaintiff, in which assignment he described a certain forty acres upon which he did not have a lease, and the suit was to recover from Atkins the price paid for the forty acre lease. Under article 2646, Revised Civil Code, plaintiff was entitled to recover, because Atkins had warranted the existence of the lease owned by him covering this particular forty acres, when non-existent. Therefore, the warranty applied by law in article 2646 of the Revised Civil Code, made him liable.

We deem it unnecessary to discuss the other contention made by defendants, which is that there is no warranty whatever when the sale is of the right, title, and interest of the transferrer in the thing, and not the sale of the thing itself. We are of the opinion the exception of no cause or right of action should have been sustained in this case, and that the judgment of the lower court is erroneous, and it is reversed and the demands of plaintiff are rejected at his cost.