## GEORGE, Curator, &c. *v.* LE GRAND.

Where, in an action against one who had executed a mortgage on land to secure his faithful administration as curator of a succession, and who had left the State indebted to the succession for moneys received by him in his official capacity, a curator *ad hoc* is appointed to represent the absentee, and a judgment is rendered against him for the amount due, and the mortgage recognized and rendered executory, the judgment must be restricted to the property mortgaged. It has not the force of a personal judgment, rendered after citation; nor, on being recorded, can it have the force of a judicial mortgage on property held by a third person, under a conveyance from the debtor anterior to the judgment.

APPEAL from the District Court of Caddo, *Taylor*, J. *Wood*, for the appellant. *Crain, Jones* and *R. W. Richardson*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. *Angus McNeill* was the curator of a succession, and gave a mortgage on certain property in the parish of Caddo to secure his faithful administration. In the spring of 1840, *McNeill* left the State of Louisiana permanently, and has lived in Texas ever since. Subsequently, *George*, who succeeded him in the curatorship, instituted an action against *McNeill*. In the petition he alleges that *McNeill* was a defaulter to the succession, and had left the State. He prayed that a curator *ad hoc* might be appointed to represent *McNeill*, that he might have judgment against *McNeill* for the amount of the official bond, and that the mortgaged property should be sold for the payment of the idebtedness. *Messrs. Frost, Gilbert & Briggs*, were appointed to represent the absent defendant, and were cited in that capacity. An exception was pleaded by *Frost & Briggs*, which is signed by *Frost* as curator, and by *Briggs* without mention of his capacity of curator. An answer in the case was signed, "*Briggs & Frost, Attorneys* for defendant." The judgment which was rendered in 1841, decrees that *George* recover of *McNeill* $14,622 93 and interest; that the mortgage be recognized and made executory; and that an allowance be taxed in the costs in favor of *Frost & Briggs*, curators *ad hoc*. The proceedings upon the seizure and sale under a *fieri facias* of the mort-

gaged property, as exhibited in the sheriff's return, show that the sheriff treated *Gilbert* as *curator*, and served notice on him in that capacity.

The question presented for our consideration is, whether the judgment has the force of a personal judgment against *McNeill*, and, being recorded, operates as a judicial mortgage upon property in the hands of the defendant, held under mesne conveyances from *McNeill*, by deed anterior to the judgment; or whether the effect of the judgment must be restrained to the property, covered by the mortgage, rendered executory in that suit.

We consider the judgment as not having the force of a personal judgment rendered upon citation. *McNeill* was not cited, and was represented by a curator *ad hoc*, whose appointment was valid for the purpose of enforcing the mortgage upon the mortgaged property situated within the jurisdiction of the court. *Millaudon* v. *Beazley*, 2 An. 916. To this extent its operation must be restrained, unless *McNeill* can be considered as having appeared by counsel, or otherwise become, in legal contemplation, a party to the cause. The sole facts upon which the plaintiff relies in argument are, that *Frost* was, as proved by a witness, *McNeill's* general counsel up to the time of his leaving the State in 1840, and that the answer is signed by *Briggs & Frost* as "attorneys for defendant." We cannot presume that the relation of counsel and client continued between *Frost* and *McNeill* after his departure from the State; and looking to the record as a whole, we consider the mode in which they signed the answer as informal merely, and that in legal effect, it was an appearance in their capacity as curators *ad hoc*, under the appointment of the court. The decree proves that the court viewed them in that light, and their receiving the allowance taxed in their favor shows that they so considered themselves. Upon the authority of *Dupuy* v. *Hunt*, 2 An. 562, and *Broughton* v. *King*, 2 An. 571, the peremptory exception pleaded by the defendant was properly sustained. *Judgment affirmed.*