The opinion of the court was delivered by
Breaux, J.
The plaintiffs are Petronille Daulin, widow of Flore Nicolas Brigot, Eugenie Marguerite Godeberte Brigot and Maurice Albert Brigot.
The husband of the first named plaintiff was the only issue of the marriage in 1813 of Nicolas Augustin Brigot and Adele Martin Godeberte.
He abandoned his wife in France and came to New Orleans.
He married here on September 12, 18L6, Anne Meullanotte, during the existence of his wife, Adele Godeberte, (who died in 1832.)
He acquired property and returned to France, where he died testate on the 27th December, 1847, leaving all his estate to Anne Meullanotte, and disregarding entirely his son, Flore Nicolas Brigot, *1305 to whom he did not leave anything by his will. An act of compromise was effected in France between this son and Anne Meullanotte in 1848.
Under the terms and conditions of this compromise the latter went into possession, as owner of a property No. 133 Royal street, of this city, and the former, Flore Nicolas Brigot, became the usufructuary of two other properties, 131 and 135 same street, and two natural daughters of Flore Nicolas Brigot, viz.: she late Adelaide Marie Brigot and Augustine Eulalie Isabelle Brigot, widow by Dominique Felix Sisos, the defendant here, became the owners of the property of which he, F. N. Brigot, had the usufruct.
Flore Nicolas Brigot married Petronille Daulin, one of the plaintiffs and appellants. It was stipulated in their contract of marriage that the survivor should inherit all the property of the predeceased party contracting.
The ipsue of this marriage were Eugenie Marguerite Godeberte Brigot and Maurice Albert Brigot, and appellants here.
Flore Nicolas Brigot died in 1870. His widow was appointed administratrix of the succession in France, but never qualified in Louisiana. Mrs. D. F. Sisos and her sister, Adelaide Brigot, who died since, and from whom the former inherited as universal legatee, claimed the two properties in Louisiana, which they alleged was theirs in absolute right, since the death of their father the usufructuary.
Mrs. Petronille Daulin, Widow F. N. Brigot, brought an action in France against Mrs. D. F. Sisos and her sister Adelaide. She contended that the act of compromise in 1848 was void; that these defendants were the adulteress children of Flore Nicolas Brigot; that legitimate children were born since the date of the donation; that Anne Muellanotte was an interposed person, and that the testator could not, under the law, dispose of the ownership of the property and at the same time retain the usufruct.
In this suit the act of compromise of 1848 was declared null and void by a judgment of the court of first instance, which was subsequently affirmed by the court of appeals. There were other proceedings in the court of France, at dates subsequent, all tending to affirm the correctness of the first judgment.
In 1893 the plaintiffs brought suit here for a recognition of their *1306 alleged rights under their judgment rendered in France, and fixing, it is urged, the status of all parties concerned.
This would involve a confirmation of all the proceedings of the foreign tribunals regarding the rights of the parties, and would necessitate, were plaintiffs’ prayer granted, the rendering of a judgment decreeing that the plaintiffs are the owners of the property in the same proportions as was decreed by the courts of France; a partition would have to be ordered and the defendants condemned to account for rents.
The defendant was cited through a curator ad hoc. He pleaded:
No cause of action.

Res judicata.

The last ground is based upon a judgment rendered in 1876 (in a suit brought in 1872). The suit was brought, in the first place, against C. Guillet, a person in possession.
In 1873 the late Fergus Fuselier, a regular practitioner at this bar, filed an answer as counsel for Widow Flore Nicolas Brigot (plaintiff in the case before us), as owner of half of the community and usufructuary of the remainder, also as tutrix of Eugenie Marguerite Godeberte and Maurice Albert, issue of her marriage with Flore Nicolas Brigot.
The petition and answer in this suit presented issues for decision similar to those argued and decided in the courts of France in the cases to which we have before referred.
Different views were entertained by the courts of Louisiana from those held by the courts of France.
We have substantially given account of the conclusion reached in the courts of the latter country (France). In the courts of the former, the plaintiffs in the suit, the defendants here, were recognized as the owners of the lots here in question. The decision was pronounced by Judge Lynch, of the Districo Court. The parties cast did not prosecute an appeal.
It follows as a conclusion that by thus recognizing the title as vested in them, validity was given to the act of compromise in question.
The plaintiffs deny that the judgment pleaded as res judicata is of any validity, and seek to have it treated as an absolute nullity on the ground that one Guillet, who had been cited, but who had no authority to stand in judgment, answered, disclaiming title.
*1307 Subsequently Cavaroc & Son were cited as agents, who presumably employed the attorney who appeared for the defendants, but of this there is no evidence of record.
The attorney, however, as we have before stated, appeared for the defendants, and not in the name of their agents. They allege here that the agent and the attorney were not authorized to represent the defendants in that suit, and that, if he was authorized, the attorney discontinued the reconventional demand.
To sustain their defence against the plea of res judicata, the plaintiffs offered the affidavit, duly authenticated, of Widow Brigot (mée Daulin), declaring that she had not authorized Fuselier, attorney, to represent her, as defendant. The court ruled that the affidavit was ex parte and inadmissible. Creditors of the defendant, Lamarque & Co., intervened in the case now before us for our decision, and alleged- that they were in possession under an antichresis granted by defendant in 1879. They also pleaded res judicata.
The District Court sustained that plea and dismissea plaintiffs’ suit.
From the judgment the plaintiffs prosecute this appeal.
Without direct proceedings to set aside the judgment plaintiffs were without right to question its validity. There is not an allegation iu plaintiffs’ suit assailing the validity and binding effect of the judgment.
Plaintiffs remained silent during many years; the estrangement between them and the title they now claim was complete. The judgment rendered contradictorily with counsel is not absolutely void.
Voidable judgments are binding until reversed by some direct proceeding. “ This principle is not merely an arbitrary rule of law established by the courts, but it is a doctrine which is founded upon reason a,nd the soundest principle of public policy.” Black on Judgments, p. 245.
The mere affirmation of a reputable attorney that he is the retained counsel in a cause has the sanctity of an oath. They, the attorneys at law, are the officers of the court, whose principal duty is to be true to the court and their client.
The record and the allegations of counsel import absolute verity as respects the authority to represent their clients.
This being the case the judgment must be presumed to have-been *1308 regularly obtained until the contrary is. shown in direct proceedings. A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it. There was no allegation made by plaintiffs to impeach the proceedings in the case here.
If, for the purpose of a practical test, we were to suppose that the defendant had sold the property at the time the suit was brought to an innocent third person.
If the right to impeach defendant’s judgment collaterally were maintained, it would be possible, in the course of the trial, to introduce an ex parte affidavit, and thereby invalidate the judgment, the basis of the title.
The possibility of thus setting aside a solemn judicial declaration would, in certain instances, render the title to property quite unsafe. The property has not been sold, but creditors of the defendant have intervened. They have an antichresis under which they went into possession and collected the rents. They urge that any judgment against the defendant would impair their security.
The denial of the validity of the judgment and the tacit joinder of issue, arising without replication, do not offer opportunity to a defendant in exception to impeach a judgment collaterally in matter relative to evidence.
Whether it be regular or irregular, correct or erroneous, valid or invalid, it is not subject to collateral attack. Black on Judgments, Yol. 1, p. 246.
The ground urged by plaintiffs that replication is not permitted, we do not think would justify us, if we ■ were to disregard a rule “founded upon reason and the soundest principles of public policy.” Black on Judgments, p. 245.
The presumption of negation by defendant in rule, in exception or reconveutional demand, does not have the effect of changing the rule in question.
The ex parte affidavit in support of the assertions made at the time when it was offered in evidence that the attorney was not authorized, was not even the commencement of proof. It had none of the characteristics of proceedings taken contradictorily with parties in interest. It was only a sworn declaration offered without pleading or allegation of any kindv In the cases cited the evidence must have had some of the features of contradictory proceedings. The *1309 affidavits against the acts of attorneys, as not having been authorized, were in support of issues directly presented.
The judgment pleaded as res judicata is not, as urged by plaintiffs1 res inter alios acta.
The suit in which it was rendered was brought by the defendant against the plaintiffs for the property involved. The defendant (here plaintiff) in the first suit in which they obtained recognition of their title sued as heirs of Flore N. Brigot, the alleged author of their title, and presented issues contradictorily with plaintiffs here and defendants in 1876, when the judgment in question was obtained similar to those now raised.
The dismissal of the reconventional demand (in the first suit prior to 1876) did not include the whole answer, and was not as far-reaching in its effects, as an abandonment, as is now contended by the plaintiffs.
Two motions in the case in question, No. 10,009 of the Superior District Court, had been made by plaintiff’s counsel to strike out the reconventional demand.
Granted, that it resulted in a discontinuance of the reconventional demand, as urged by the plaintiffs, the fact remains that the answer, less that demand, was before the court, and that the attorney continued his defence of the case, and contradictorily with him a judgment was pronounced.
This is concluded upon the hypothesis, which must govern for the time being, that the attorney was duly authorized to represent the plaintiff.
The plaintiff, in addition, objected to the intervention filed on a number of grounds.
We will not consider them separately and in detail.
The petition of intervention was not as formal as it might have been. The grounds were set forth with sufficient particularity to enable the intervenors to prove their interest under their antichresis, and join the defendant in urging the plea of res judicata.
Counsel, in his brief, clearly and cleverly arguing the different phases of his cause, refers to the range, in a geographical point of view, of the litigation, and to the hearing given to it before judicial tribunals in two continents.
He urges that the decisions of the courts of the domicile of the respective parties in France should govern. Estoppel is pleaded, and *1310 the comity due to the decisions of' a foreign tribunal. These questions can not be determined in proceedings seeking collaterally to impeach a judgment which can not be utterly ignored.
We do not pass upon the plea of res judicata. We hold that the judgment can not be collaterally impeached.
It is ordered, adjudged and decreed that the judgment appealed from is affirmed, at appellees’ costs, in so far as it is a judgment of non-suit; and it is annulled and reversed in so far as it rejects plaintiffs’ demand.
Nicholls, C. J., absent.