No. 1780.
Second Circuit Appeal.

---

P. G. WILLIS, ET AL., Appellant, v. W. J. THOMASON, ET AL.

---

(November 13, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Estoppel— Par. 45; Execution—Par. 83, 140.

As between the parties to a sale under foreclosure of a mortgage, such parties are estopped to attack the sale collaterally, but as to creditors and all other third persons, a sale made solely in foreclosure of a mortgage does not pass any property except that which was covered by the mortgage. Such persons (creditors and other third parties) are not estopped to attack such sale collaterally.

2. Louisiana Digest—Mortgages—Par. 58, 59; Executory Process—Par. 4.

In executory proceedings, only "the property subject to the privilege or mortgage" can be seized and sold.

Appeal from the First District Court, Parish of Caddo, Hon. J. H. Stephens, Judge.

This is an injunction suit to enjoin the sale of automobiles and trucks. The injunction was dissolved with damages and plaintiff appealed.

Judgment affirmed.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for plaintiffs and appellants.

Thatcher & Webb, of Shreveport, attorneys for defendants and appellees.

CROW, J.  The defendants in this cause issued execution under a judgment which they had obtained against the Paramount Petroleum Company, Inc., and had seized as the property of said company there under a Dodge Touring Car, a Reo Truck, an Olds Truck and a G. M. C. Truck. The said property having been advertised for sale, plaintiffs herein filed this injunction suit to restrain the sheriff and the defendants herein from selling said seized property alleging that they (plaintiffs herein) were the owners thereof by virtue of a purchase thereof at a sheriff's sale in the suit entitled W. A. Nelson et al. vs. Paramount Petroleum Company, Inc.

Defendants herein answered by alleging, in substance, that the alleged sale of the said property by the sheriff to plaintiff was a mere nullity for the reason that the said property was not included in the act of mortgage in foreclosure of which said property was seized and attempted to be sold.

The case was tried in the District Court and there was judgment in favor of de-

fendants herein rejecting plaintiffs' demands and dissolving the wirt of injunction with damages in favor of defendants for $100.00 attorney's fees. From that judgment the plaintiffs have appealed to this court.

## OPINION.

The plaintiffs, P. C. Willis, W. A. Nelson and M. E. Singleton, appear herein as "Trustees under appointment by the bondholders of the Paramount Petroleum Company, Inc.", and claim that they are the owners of the automobile and trucks above described. In support of their claim of ownership they offered in evidence nothing but the pleadings, act of mortgage, order for executory process and the writ of seizure and sale in the proceeding entitled W. A. Nelson et al. vs. Paramount Petroleum Company, Inc., No. 31,267 on the docket of the District Court for Caddo Parish. The return of the sheriff on said writ of seizure and sale shows that the car and trucks in question were seized and sold by him to the plaintiff. However, since there was no judgment behind the seizure and sale of said property but only an order of seizure and sale under executory process, the only question we are called on to decide is whether or not said property was described and comprehended in the act of mortgage in foreclosure of which the car and trucks were seized and sold or attempted to be sold. There is also presented for our consideration the question of law whether defendants could attack the sale of the property in question by the sheriff, collaterally, or whether they would be driven to a direct action to annul said sale.

Taking up the last above question first, we will say that, as between the parties to a sale under foreclosure of a mortgage such parties are estopped to attack the sale collaterally, but as to creditors and all other third persons, a sale made solely in foreclosure of a mortgage does not pass any property except that which was covered by the mortgage. Such persons (creditors and other third parties) are not estopped to attack such sale collaterally. (See Jones vs. Lake, 43 La. Ann. 1024, 10 South. 204; Dauchite Lbr. Co. vs. Lane & Bodley Co., 52 La. Ann. 1937, 28 South. 232; Coguenhem vs. Trosclair, 137 La. 989, 69 South. 800.)

The authorities cited in the brief of counsel for appellant to the effect that sales made by sheriffs cannot be set aside except in a direct action to annul such sales are not applicable here. They were suits in which some party or his heirs or assigns sought to collaterally attack sales made by sheriffs, or else were cases in which there had been a final judgment rendered in an ordinary proceeding (via ordinaria) and execution issued thereunder. The situation is different in the case at bar. The sale here was made under executory process (via executiva). In executory proceedings only "the property subject to the privilege or mortgage" can be seized and sold. (C. P. 734, Coguenhem vs. Trosclair, 137 La. 989, 987, 69 South. 800. In the latter cited authority, the Supreme Court, among other things, said:

"The said foreclosure proceeding was by executory process; and the only property that can be seized and sold in an executory process is the property covered by the mortgage that is being foreclosed."

Further on in the same case the court said:

"We prefer to adhere to the rule that in a sale made in foreclosure of a mortgage, property not covered by the mortgage does not pass."

The primary reason why property not included in a mortgage or covered thereby cannot be seized and sold under executory process is that in such instances there is no real judgment behind the seizure; only an order to seize and sell certain specifi-

cally described property covered in the authentic act of mortgage. The sheriff is totally incompetent to seize and sell any property under executory process that is not covered by the mortgage or privilege. Such a seizure and sale of property not covered by or included in a mortgage is an absolute nullity.

The only question remaining is whether the property in question was covered by the mortgage in foreclosure of which it was attempted to be seized and sold.

Plaintiffs' counsel admit that the said property was not specifically described in the act of mortgage, but they contend that the car and trucks were immovable by destination and consequently embraced in a mortgage which covered certain real property in the nature of lands and oil refineries, either already existing or in course of construction on the lands.

However, at the time of the seizure, one or both of the refineries had not been constructed and could, therefore, not operate. The burden was on plaintiffs to show that the automobile and trucks in question were included in the act of mortgage. Bank of LeCompte vs. Lecompte Cotton Oil Co., 125 La. 853, 51 South. 1010. This they did not do. The automobile and trucks were not destined for the improvement or service of the land on which they were found. (C. C. 468.) They had none of the attributes of immobility by destination.

Again the same owners of the automobile and trucks, in a later act of mortgage to one Mrs. Flemming, recognized that said personal property was not covered by the former mortgage in foreclosure of which the same was seized and sold, or attempted to be seized and sold, by specifically designating said personal property as movable property and mortgaging it, with other property included in the first mortgage aforesaid.

The property in question, it is plain to us, was never included in or intended to be included in the act of mortgage in foreclosure of which the attempted seizure and sale of the property in question were made.

The judgment is correct, and it is accordingly affirmed.