No. 4242

Second Circuit

(Second Division)

NOTTINGHAM v. HOSS

(May 4, 1932. Opinion and Decree.)

Cook & Cook and C. D. Egan, of Shreveport, attorneys for plaintiff, appellee.

Edward Barnett, of Shreveport, attorney for defendant, appellant.

TALIAFERRO, J. On February 22, 1923, Hugh Spears, then a resident of Caddo parish, Louisiana, mortgaged to A. J. Hoss, defendant herein, the following described land, viz.:

"SE¼ of SE¼; also a strip of land on west side of SE¼ of SE¼, Sec. 32, T. 23 R. 15, containing 16 acres, more or less."

The location of the land. (parish and state) is not given in the mortgage. It was properly registered in Caddo parish on

March 1, 1923. Hoss began foreclosure proceedings on the mortgage, by ordinary process, March 22, 1928, and the mortgagor having removed from the state, a curator ad hoc was appointed to represent him. The petition in this foreclosure proceeding describes the land mortgaged as being:

"32 acres of land in Section 32, township 23, Range 15; and more particularly described as follows:

"A strip of land on the east side of the Southwest quarter of the southeast quarter; also a strip of land on the west side of the southwest quarter of the southeast quarter; each piece east and west 8 chains, and north and south 20 chains containing 16 acres in each piece,"

notwithstanding a certified copy of the act of mortgage is attached to and made part of the petition. Defendant made no appearance in the case and judgment by default was confirmed against him on May 2, 1928. The descriptions of the land in this judgment; in the execution issued thereunder; in the sheriff's return; in the advertisement of sale and in the sheriff's deed to Hoss, are all exactly like that contained in the petition in the foreclosure suit, being No. 47,966 on the docket of the district court for Caddo parish. There is no allegation in said petition of error in the description of the land in the mortgage and, of course, no prayer for reformation of the description to any extent on account of error.

In March, 1931, Hugh Spears, by warranty deed, sold and conveyed to plaintiff the following described tracts of land, viz.:

"Thirty-two (32) acres in Section Thirty-two (32), Township Twenty-three (23) North, Range Fifteen (15) West, Caddo Parish, Louisiana, described as follows: A strip of land on the East side of the Southwest quarter of the Southeast quar-

ter; (SW¼—SE¼); also a strip of land on the West side of the Southeast quarter of the Southeast Quarter (SE¼—SE¼); each piece East and West being eight (8) chains, and North and South twenty (20) chains, and each containing sixteen (16) acres."

who then instituted this suit, a petitory action, against defendant to recover that part of said land described as follows:

"A strip of land on east side of SW¼ of SE¼ Sec. 32, Town. 23 N. R. 15 W., containing 16.00 acres, more or less, and measuring 8 chains, east and west, and twenty chains, north and south," in the parish of Caddo, Louisiana.

In the petition specific reference is made to the foreclosure suit, No. 47,966, and that proceeding is attacked as being illegal in so far as it affects, or undertakes to convey title to Hoss of the sixteen acres involved in the present suit.

Defendant admits title to and possession of said land through the sheriff's deed from Spears. He avers that there was patent error in the mortgage from Spears to him which was corrected in the foreclosure suit; that plaintiff acquired the land from Spears long after Spears had lost title thereto; that the judgment in said foreclosure suit was res adjudicata. He prays to be recognized as owner of the land in question and that plaintiff's suit be dismissed.

The district court decreed plaintiff owner of the land and defendant has appealed.

The note of evidence in this case consists of the entire record in suit No. 47,966, referred to above, including the sheriff's deed to defendant, plus the deed from Spears to plaintiff.

We only have the bare allegations of defendant's petition and the statement of his counsel in brief that there was error in the description in the mortgage from Spears to Hoss, and that the sixteen-acre tract involved in this suit should have been incorporated in that mortgage in order to meet the intention of the parties thereto. That there was error in the mortgage description is patent because the sixteen-acre tract therein described is included in the call for the SE¼ of SE¼. There is repetition to the extent of the sixteen-acre tract, but the description which the parties intended to place in the mortgage is not specifically declared in the foreclosure proceeding.

It is quite clear that the court was without power to reform or correct the description of the land in the Spears mortgage without appropriate allegation declaring the nature and extent of the error, supported by proof on trial, and equally without the power to recognize the mortgage as affecting lands not described therein, and, especially is this true when a copy of the mortgage itself is attached to and made a part of the petition. In such circumstances the copy of mortgage controls the allegations of the petition where there is variance or contradiction. Therefore, so far as the judgment recognizes the mortgage as affecting the sixteen-acre tract involved in this suit is ultra petitionem. Citation of authority to sustain these principles seems unnecessary.

Defendant contends that the judgment in the foreclosure suit cannot be collaterally attacked. A judgment that is absolutely null and void on its face, or which fact may be determined from the pleadings leading up to the judgment, may be attacked other than in a direct action.

Andrews v. Sheehy, 122 La. 464, 47 So. 771; Decuir v. Decuir, 105 La. 481, 29 So. 932; Brigot v. Brigot, 47 La. Ann. 1304, 17 So. 825.

However, plaintiff has alleged that the judgment in the foreclosure suit against Spears is illegal, null and void in so far as it attempts to convey title to the land involved in the present suit.

A foreclosure suit against a non-resident is essentially in rem. No personal judgment can be rendered against the defendant beyond the property involved. The suit is simply one to have recognized a pre-existing right against property within the jurisdiction of the court. Proceedings in such a case must conform strictly to law and nothing may be done to prejudice the rights of the absentee not clearly within the power of the court.

In George, Curator, v. LeGrande, 3 La. Ann. 652, the court held:

"That the appointment of a curator ad hoc in a foreclosure proceeding is valid only for the purpose of foreclosing the mortgage upon the property actually mortgaged."

In Willis et al. v. Thomason et al., 1 La. App. 313, it was held:

"As between the parties to a sale under foreclosure of a mortgage, such parties are estopped to attack the sale collaterally, but as to creditors and all other third persons, a sale made solely in foreclosure of a mortgage does not pass any property, except that which was covered by the mortgage. Such persons, creditors, and other third parties are not estopped to attack such sale collaterally."

And in Coguenhem v. Trosclair, 137 La. 985, 69 So. 800, 801, the Supreme Court said:

"In the act of mortgage by Trosclair to LeBourgeois & Bush, under which the foreclosure sale took place, the property mortgaged was declared to be the Laurel Grove and Enterprise Plantations, 'with all buildings and improvements thereon,' and the metes and bounds were given. No mention was made of any servitudes or tramways. But in the act of sale to Trosclair the servitudes and tramways were specifically mentioned, and they were specifically mentioned at every step in the foreclosure proceedings, to-wit: In the petition; in the order for foreclosure; in the advertisement; in the sheriff's deed; and in his return upon the writ. * * * But these reasons for estoppel would not apply to the plaintiff, a creditor of Trosclair; and, as to such a creditor and all other third persons, we prefer to adhere to the rule that at a sale made in foreclosure of a mortgage property not covered by the mortgage does not pass."

The laws of registry are designed to protect innocent third persons in the acquisition of real rights. There is no charge or intimation against the good faith of the plaintiff. He could have examined the foreclosure proceeding against Spears and found nothing therein affirmatively showing that the sixteen-acre tract he purchased from Spears was included, or intended to have been included, in the mortgage to Hoss. On the contrary, he would have found the mortgage did not so include that description and the foreclosure proceedings do not declare any error to be in the mortgage.

The judgment appealed from is affirmed.