Plaintiff was accidentally injured on April 2, 1939, while performing the duties of his employment as filling station attendant for defendant Herbert Maier. He engaged counsel to handle his claim for workmen's compensation. There was no doubt about Maier being responsible on that account, but it was doubtful if a judgment against him would be collectible. The employed counsel thought there was a chance to hold the Arkansas Fuel Oil Company liable for compensation and demand therefor was promptly made upon that company. It denied liability. However, continued negotiations on the subject resulted in an offer on the part of the oil company and its insurer, Fidelity and Casualty Company of New York, to pay *Page 683 
plaintiff in a lump sum $975 in full settlement and compromise of his claim. This amount, it was understood, would cover 100 weeks total disability at $9.75 per week, being 65% of his weekly wage. The offer was accepted by plaintiff and his counsel and payment thereof made by the insurer.
During the period of negotiation leading up to the above-mentioned settlement, no demand was ever made upon Maier to pay to plaintiff any amount on compensation account or otherwise.
To consummate the compromise agreement a joint petition in the name of plaintiff, Maier, the oil company and its said insurer, was prepared by counsel of the latter. It was signed by plaintiff's counsel and by other counsel who styled themselves "attorneys for employers and insurer of employers". It was verified by the affidavit of plaintiff and one of the attorneys of the insurer. It is alleged in the petition that plaintiff was injured while performing the duties of his employment and when driving a truck of the Arkansas Fuel Oil Company, and that: "For the purpose of compromise and settlement all parties hereto agree that Vondo Smith will be disabled for a period of one hundred weeks from the date of said accident, but that thereafter he will be fully recovered and able to return to work."
Judgment was rendered on the joint petition on July 21, 1939, in keeping with the allegations and prayer thereof, approving the compromise agreement and authorizing payment of the $975 to plaintiff in full settlement of his claim for disability resulting from the accident.
Plaintiff, in the present suit, seeks to have annulled and set aside the above-mentioned judgment and the compromise and settlement upon which it is based, for the alleged reason that continuously from the time of the accident and until the filing of this suit he has been totally disabled to perform any work at all and that such disability will be permanent; to recover compensation on the basis of permanent total disability, and to have inflicted the penalty provided by Section 8, subd. 9 of the Workmen's Compensation Law, Act No. 20 of 1914, as amended by Act No. 242 of 1928, p. 362, which prohibits lump-sum settlements at a discount of more than 8% per annum. Maier, the oil company and its insurer are impleaded.
The allegations of the petition bring the case within the inhibitions laid down in the Puchner case, Puchner v. Employers' Liability Assur. Corp., 198 La. 921, 5 So.2d 288.
The oil company and its insurer in limine pleaded that plaintiff's right under the Workmen's Compensation Law had perempted or prescribed. The plea was referred to the merits and finally overruled. These defendants filed joint answer but as they have passed from the case, as will be hereinafter shown, this opinion need not be burdened with analysis of the defenses set up.
Defendant Maier affirmed the validity and binding effect of the compromise agreement and the judgment based thereon, and pleads the same as res judicata of the issues raised therein and sought to be raised in the present case. Other defenses set up have evidently been abandoned; in fact, we conclude from reading brief of this defendant that none of the defenses urged in his answer are now relied upon.
The court held that when plaintiff experienced the accident alleged upon, he was performing solely the duties under his employment with Maier and, therefore, he was not due any compensation by the Arkansas Fuel Oil Company. His demand against that company and its insurer was rejected. He did not appeal from the judgment. His counsel now concede that this suit, so far as concerns these two defendants, is at an end.
There was judgment in plaintiff's favor and against Maier annulling the compromise and the judgment based thereon, and awarding compensation for total disability for 26 weeks, beginning April 2, 1939, at the rate of $9.75 per week, and for the period of partial disability, not exceeding 300 weeks at $4.87 per week, beginning October 2, 1939, with legal interest, subject to credit of the $975 paid on July 21, 1939. In other respects plaintiff's demand was rejected.
Maier filed application for rehearing and at the same time filed plea of prescription of two years, both of which were overruled. He appealed devolutively. Plaintiff, answering the appeal, prays that the judgment be amended by fixing compensation at $14.62 per week (including penalty) for a period of 400 weeks, beginning April 2, 1939, less said payment of $975.
Maier attempted to absolve himself from the binding and resultant effects of the judgment approving the compromise *Page 684 
with plaintiff by introduction of testimonial proof to establish that he did not authorize the attorneys who prepared the joint petition to include his name therein as a petitioner; that no demand was made upon him to pay to plaintiff any compensation and that he had no knowledge of the confection of the compromise nor did he employ counsel in connection therewith. Objection was made to the reception of any testimony that would contradict the judgment in whole or part. The testimony was admitted subject to the objection. It should have been excluded. It was not admissible under the pleadings. No attack of any sort was made upon the validity of the judgment in Maier's answer or otherwise. On the contrary, its validity is expressly affirmed and declared upon in his answer.
Tendering of the above mentioned testimony was obviously an effort to collaterally attack the judgment, a solemn act of a court of competent jurisdiction. This is not permissible. The authority of an attorney to represent a litigant whom he claims the right to represent is always presumed. It may only be challenged by oath of the person denying such authority. Widow 
Heirs of Brigot v. Augustine Brigot, Widow, 47 La.Ann. 1304, 17 So. 825.
The trial judge evidently ignored the discussed testimony. It was of importance to Maier in his desire to be absolved from the effects of the judgment. His plea of prescription would, in such circumstances, likely be good. This is reflected from brief of his counsel wherein these two questions only are discussed; that is, lack of authority of the attorney in including Maier's name in the joint petition, and the plea of prescription or peremption.
Plaintiff was injured when a light truck he was driving collided with another motor vehicle. He sustained several injuries more or less serious, the most serious being a fracture of the left hip. Prior to trial all of the injuries had healed without leaving disability of any character save that involving the hip. The extent of disability resulting from this fracture is the measure of compensation due plaintiff. Such disability has persisted since that of a total character ceased. This being true, the doctrine laid down in the Puchner case has application to the compromise agreement because the duration of the disability was sought therein to be arbitrarily determined. It was fixed but erroneously so. The duration of disability resulting from injury of one due workmen's compensation may not be made the subject of speculation according to the Puchner case.
The fractured hip joint, through the processes of nature, is being strengthened by callous formation. It was painful to the date of trial and affected plaintiff's ability to perform work requiring him to stoop. This callous will eventually complete the purpose intended of it and the joint, from ankylosis, will become more or less rigid, but the pain will disappear. The only disability resulting will be due to the stiffness. He will be able to perform all the duties of a filling station attendant except those requiring him to stoop. These to some extent he may do if approached cautiously and slowly.
As found by the lower court, plaintiff was totally disabled for 26 weeks. His disability thereafter was found to be partial only. The court fixed the percentage of disability at one-half. Under the testimony plaintiff has no valid reason to complain of this conclusion. It is decidedly favorable to him. We are not disposed to disturb it. We are constrained to think from the medical testimony that such partial disability is permanent.
The court properly disallowed the 50% penalty. The agreement between the parties, as declared in the joint petition and recognized in the judgment, was not a lump sum settlement within the meaning of Section 8, subd. 9 of the Workmen's Compensation Law, but was an attempt at compromise, under Section 17 of the Act, as amended by Act No. 38 of 1918. The fact that the amount was paid in a lump sum does not alter the situation. There was no discount of the amount offered by defendants and accepted by plaintiff. The compromise was effected in perfect good faith. The doctor whom both sides consulted with respect to the duration and extent of plaintiff's disability, was of the opinion that total disability would cease in six months and that he would in due time regain his ability to work as efficiently as he did prior to the injury. The excessive callous formation and resultant ankylosis were not anticipated. It was thought that surely to pay plaintiff in full for total disability for 100 weeks would compensate him liberally. Conditions at the time *Page 685 
warranted such a conclusion. As in the Puchner case, there was error of fact but no bad faith or fraud.
Defendant's plea of prescription or peremption was properly overruled as there was no lump sum settlement.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.
DREW, J., is recused.