**COURMIER v. SUPERIOR OIL CO. et al.**

**No. 11641.**

Circuit Court of Appeals, Fifth Circuit.

March 8, 1947.

Rehearing Denied April 1, 1947.

HOLMES, Circuit Judge, dissenting.

Coleman D. Reed and Joseph E. Bass, Jr., both of Lake Charles, La., for appellant.

Thos. F. Porter, of Lake Charles, La., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On November 17, 1944, Percy L. Courmier brought action to set aside a judgment entered in 1938 on a compromise settlement of a claim under the Workmen's Compensation laws of the State of Louisiana, Act No. 20 of 1914, as amended. Courmier contended that the judgment on the compromise was invalid under the Louisiana law as announced in 1941 in the case of Puchner v. Employer's Liability Assurance Corp., 198 La. 921, 5 So.2d 288. From a final judgment of dismissal entered November 28, 1945, Courmier has appealed.

The pertinent facts and background of the action are fully detailed in the reported opinion of the district judge. Courmier v. Superior Oil Co., D.C., 60 F.Supp. 542, 549.

In the 1938 judgment Courmier received $3,000 by way of a compromise settlement of his action. In deciding the present case to set aside that judgment, the district judge required Courmier "to return the amount of $3,000 to the defendant, or, in default thereof, the Court will sign a judgment then sustaining the motion to dismiss, because the complaint of plaintiff does not set out a case upon which relief can be granted." Courmier did not tender the $3,000, and the court dismissed his action. It was error for the trial judge to condition a dismissal upon a return of the money paid in

128·

compromise. Cf. Neyland v. Maryland Casualty Co., La.App., 28 So.2d 351.

■ Prior to the Puchner decision in 1941, it was generally accepted that cases arising under the Louisiana Workmen's Compensation laws could validly be the subject of court approved compromise settlements.[1] In the Puchner case the Supreme Court of Louisiana construed the statutes and held that no valid compromise could be entered into and made the subject of a judgment where the extent or duration of a compensable disability was in dispute. It was stated [198 La. 921, 5 So.2d 298] that it would be "in direct violation of the letter and the spirit of the [act] to sanction speculation with respect to the duration of an employee's disability."[2] The case recognized, however, that certain types of compromises were within the letter and spirit of the law, "For example, *where there is a serious and bona fide dispute as to the employer's liability under the act.*" Cases of Louisiana courts subsequent to the Puchner decision also recognize that compromise settlements in cases of disputed liability are valid, but hold that where a compromise is based on speculation as to the extent or duration of disability, a trial on the merits is necessary to determine the true facts; that is, to determine whether the compensable injury was in fact temporary or permanent and the true extent of its duration. Langston·v. Hanbury, La.App., 11 So.2d 415, 418; Stewart v. Brown Paper Mill Co., La.App., 11 So.2d 627; Craig v. Compressed Industrial Gases, La.App., 7 So.2d 197; Smith v. Maier, La.App., 16 So.2d 682.

■ The case at bar may be distinguished from those cited cases where there was no serious dispute or denial of coverage or liability. Here it is exceedingly clear from the record that in 1938 there was a serious and bona fide dispute as to the employer's liability. When Courmier filed his action in 1938, he asserted a compensable injury and the defendants denied liability. Before his action reached trial, Courmier, who was at all times represented by counsel, reached a compromise agreement with the defendants. A joint petition, signed by Courmier and by his attorneys and attorneys for defendants, was filed praying for entry of a judgment on the agreed compromise. This joint petition alleged that the case was "one of disputed liability" and that the defendants denied that plaintiff's condition was the result of the accident as alleged, "but claim that it results from an entirely different cause, and one that was in no wise connected with the employment * * *." Attached to this joint petition was the report of a reputable and competent examining physician in which it was stated that Courmier's disability was due to arthritis and not to the claimed accidental injury. In this report the doctor stated, "I do not connect this illness with trauma either directly or indirectly."

The primary dispute concerned liability, vel non, of the defendants; and any issue as to the extent or duration of the alleged injury was incidental and wholly subordinate to this primary and controlling issue. This record leaves no doubt but that a compromise was agreed to for the reason that there was a "serious and bona fide dispute" as to the employer's liability. The judgment entered on the joint petition of the parties should, therefore, remain undisturbed.

The judgment of dismissal will be reformed by striking therefrom all reference to the required return of the $3,000 paid under the original compromise. The judgment will then stand simply as an unconditional and unqualified judgment of dismissal. As reformed, the judgment is affirmed.

HOLMES, Circuit Judge (dissenting).

I think the judgment should be reversed and the cause remanded for trial on the merits. This means a jury trial upon the factual issue presented by the complaint and answer. The jury question is whether or not at the time of the compromise settlement there was a bona fide dispute as to

---

[1] Musick v. Central Carbon Co., 166 La. 355, 117 So. 277; Young v. Glynn, 171 La. 371, 131 So. 51.

[2] Following the Puchner decision, the Louisiana Legislature, by Act No. 96 of 1942, amended the law to expressly permit compromise settlement of compensation disputes involving the extent or duration of a compensable disability.

liability. If there was not such a dispute, the agreed judgment cannot stand under the laws of Louisiana when the judgment was entered. Puchner v. Employers' Liability Assurance Corporation, 198 La. 921, 5 So.2d 288.

The district court, after stating that it knew the fine personal reputation and high professional standing of one of the doctors,[1] and after finding that there was a dispute as to liability, did not put its decision on that finding, but dismissed the plaintiff's action solely because he failed to offer to return the settlement money. This court rejects the reason for the decision but lets the decision stand.

No one can read the pleadings in this case without knowing what the plaintiff was claiming, his claim being that "the attempted compromise was based upon speculation as to the extent and duration of petitioner's disability." He alleged that the accident and injury were admitted by the defendants, but that "there was a dispute as to the extent and duration of plaintiff's disability."[2] Again the plaintiff alleged in paragraph 12 that the proper compensation was $20 per week but that the settlement allowed only $10.20 per week, which was not substantially in accordance with the compensation law. If the pleadings were to be construed strictly against the pleader, I agree that language could be found in the complaint which might serve to support the majority opinion, but I think the rule of strict construction against the pleader was (wisely or unwisely) abolished by the Federal Rules of Civil Procedure.[3]

The public, including the state legislature, evidently was not pleased with the decision in the Puchner case, but experience teaches us that, where there is no real controversy between the parties, the approval of courts often becomes more or less a mere formality, and employees may soon find under too liberal an attitude toward settlements that there is a ceiling but no floor to workmen's compensation for industrial injuries. Such legislative considerations aside, the act of 1942 was only prospective in its application, and the instant case must be determined under the doctrine of Puchner v. Employers' Liability Assurance Corporation, supra.

The lower court, as we understand its opinion, D.C., 60 F.Supp. 542, held that the state law governed; that the ten-years statute of limitation applied; that the Louisiana law as it stood in 1938 prohibited settlements in compensation cases which involved speculation as to duration and extent of disabilities, although those involving bona fide disputes as to liability were lawful; that whether a settlement involved such speculation could only be determined after a trial on the merits in a suit attacking the settlement, and that, nevertheless, this action should be dismissed because of plaintiff's failure to tender the sum of $3,000.

The exception of no cause of action raised in the answer, but unknown to fed-

---

[1] A letter from whom was attached to the answer of defendant, but there was no proof introduced with reference to such letter or its contents.

[2] "The said joint petition and attempted compromise and the judgment of approval rendered thereon was an attempt to compromise under Sec. 17 of Act 20 of 1914 of Louisiana, as said Sec. 17 then read (in August, 1938). The accident and injury of September 15, 1938 was admitted by defendants in said joint petition, but there was a dispute as to the extent and duration of plaintiff's disability. Defendants having admitted the accident and injury, and plaintiff having been actually and in fact disabled thereafter (although defendants denied that the disability resulted from the accident, contending merely that it was due to 'other' causes), and there was, therefore, no question but that the matter was within the Workmen's Compensation Law of Louisiana, consequently the said purported compromise should be set aside, inasmuch as has already been shown, it was not substantially in accord with the various provisions of the Act as required by Sec. 17 thereof, from which we quote the following excerpt (prior to the 1942 amendment):

" 'But all agreements of settlement shall be reduced to writing and shall be substantially in accordance with the various provisions of this Act, and shall be approved by the Court.' " (Par. 15 of Complaint, p. 8 of Record.)

[3] Rule 1 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

eral procedure under existing rules, was not sustained; no motion for a summary judgment was made, submitted, or decided; but the merits of the case seem to have been considered by the judge upon bill, answer, and exhibits, without oral testimony or affidavits, and without a jury. On appeal, this court, rejecting the basis of the trial court's decision, decides the case on its merits de novo.