## CHARLES L. WILSON, Curator, *v.* JOHN D. IMBODEN.

Clerks of Court have no authority, under the Act of 1838, to appoint administrators of estates, under five hundred dollars, when no one will accept their administration and give security.

The Act of 1846 does not authorise Clerks of Courts to appoint administrators of small successions, but requires them to assume their administration themselves.

The validity of the appointment of Curator can be inquired into collaterally, when such appointment is not good on its face.

APPEAL from the District Court, Tenth District, *Perkins, jr., J. Clark & Wilson*, for plaintiff and appellee. *Selby*, for appellant.

DUNBAR, J. (*Slidell*, J., dissenting.) *D. G. Campbell* died in the State of Arkansas, leaving an estate of some magnitude there, and also a last will, wherein he names an executor, who regularly qualified. The decedent's property, in this State, consisted only of a claim against defendant for the hire of some negroes, amounting to $346, according to the inventory and appraisement. Plaintiff, averring himself to be a creditor, applied to the Clerk for the Curatorship of the succession in this State, who without advertising the application or requiring bond and security, appointed the applicant on the same day the petition was filed, curator of the estate, on taking the oath. The present suit was then commenced by him against defendant, who peremptorily excepted to plaintiff's capacity to sue. The exception was overruled, and, on the merits, judgment was rendered against defendant, from which he has appealed.

Plaintiff relies, for the validity of his appointment, upon the Act of 1838, amendatory of Article 1178, of the Civil Code, and also upon the Judiciary Act of 1846, p. 64, sec. 2. The first conferred the power upon Probate Judges of appointing administrators to estates under five hundred dollars, which no one would accept the administration of, and give security—merely requiring the usual oath and dispensing with the public notices and the bond.

This Act, extending these powers to Judges of Probate, cannot be held to embrace Clerks of Courts. We must seek for their authority in the Act of 1846, when, as the probate system had been essentially altered, it was found expedient to confer upon Clerks many of the powers held by the former Probate Judges. But on referring to it we find, not that clerks were authorised to appoint administrators to these small successions, without giving bond and secu-

rity, but that they themselves should assume the administration. It may fairly be presumed that in framing this particular section of the Act of 1846, the Legislature had before them the Act of 1838, on the same subject; and, therefore, the will of the lawmaker is the more clearly understood—that Clerks should not have the power of making such appointments, but should assume the duties. It is objected that the validity of the appointment cannot be enquired into collaterally, and we are referred to 2 Lou'a, p. 250; 1 Rob. p. 258, and 3d Rob. p. 130. This is correct when the appointment is good upon the face of it, but in the present instance, the authority under which the plaintiff has any right to appear in Court, purports to have issued from an officer without the capacity to make it, and is, therefore, absolutely null.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed. That the exception, filed by the defendant, be sustained, and the suit dismissed, the plaintiff and appellee paying costs in both Courts.