A. DYSON, Tutor, v. HENRY PHELPS.

The heir who purchases at the sale of the succession, has a right to withhold the price, until his share
in such succession is ascertained by settlement and partition.

The purchaser of property in good faith from one who is not the owner, is only liable for the fruits
from judicial demand.

On eviction, the buyer can only recover from the seller such increased value of the thing since the
sale, as the parties had in contemplation at the time of the sale.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *McGuire & Ray*, for plaintiff. *Todd & Brigham*, for defendant and appellant. *W. J. Z. Baker* and *C. H. Morrison*, for warrantors.

VOORHIES, J. The present contest relates to the title of the parties plaintiff and defendant, to the slave *Vina* and her children. The defendant's warrantors are also before court.

The slave *Vina* was sold at the succession sale of *Lucy Vanhook*, deceased, and adjudicated to *Elizabeth Griffin*, one of the heirs of the deceased, and the mother of the plaintiff. It is contended that this adjudication, although made in the name of *Elizabeth Griffin*, enured to the community existing between her and her husband, *W. W. Griffin*, since deceased, both parties having signed the notes *in solido*.

This does not affect the case : the wife had a right to purchase in her own name and with her own funds, any property during the existence of the community, and the title would vest in her absolutely. Having purchased at the sale of the succession, of which she was an heir, she had the right to withhold paying the price until a settlement and partition of the succession, ascertaining her portion. C. C. 1265 and 1266.

In the mean time, it appears that the administrator of the estate of *Lucy Vanhook*, instituted suit on the notes given for the price of adjudication, and that, during the pendency of this suit against the husband and wife, the following transaction took place :

On the 20th day of August, 1850, *J. A. R. Vanhook*, purporting to act on behalf of the heirs of *Lucy Vanhook*, deceased, conveyed to *R. L. Green* the slave *Vina* and her two children, for the sum of $980 ; and as these parties were aware of the fact that such a transfer might in the future give rise to some difficulty, the vendor gave his bond, with *Thomas Nesom* as surety, for the purpose of holding the vendee harmless.

The latter, through his agents, *Frellsen & Co.* (for there is abundant proof of the agency of the firm, independently of the power of attorney excepted to by him,) transferred, on the 18th of February, 1852, the slave *Vina* and her four children, to the defendant, *Henry Phelps*, for the sum of $1,150.

The title derived through these conveyances from *Vanhook*, is a nullity ; for the property did not belong to the heirs of *Lucy Vanhook*, deceased, but to the plaintiff, as sole heir of her deceased mother, *Elizabeth Griffin*. C. C. Art. 2427. " The sale of a thing belonging to another person, is null ; it may give rise to damages, when the buyer knew not that the thing belonged to another person." *Moore* v. *Lambeth*, 5 An. 66.

1. The defendant, being a purchaser in good faith, up to the time of the insti-

tution of the present action, the judgment below was correct in awarding a restitution of the fruits from judicial demand.

2. The judgment allows the defendant to recover from his warrantor, *H. L. Green*, the sum of $1,150, the price of the sale, with legal interest from the date of payment; and besides the sum of two hundred dollars for counsel fees. The former contends that he is entitled to the increased value of the property; but the authority relied upon does not give him that right.

In that case (*Weber* v. *Caussy*, 12 An. 536), the court remarked : " The Code of 1825 has omitted the provision of that of 1808, which entitled the purchaser to recover from his vendor, in case of eviction, the increased value of the thing sold, since the sale. See 9 La. 557. The only increase that can now be allowed, is such increase as the parties had in contemplation at the time of the sale."

In the case of *Bissell et al.* v. *Erwin's Heirs*, the rule laid down is, that " the vendor should not be made to pay the increase which results from unforeseen events, or from accidental or transient causes."

Now, the increase of the value of the slaves in the case at bar, cannot be said to have been contemplated by the parties originally; it is, on the contrary, the result of unforeseen events. *Remy et al.* v. *Municipality No. 2*, 12 An. 500.

The rights of the defendant have been properly determined under Art. 2482 of the Civil Code.

3. The heirs or legal representatives of *Thomas Nesom*, deceased, are also appellants, from the judgment rendered against them as warrantors, for the same amount awarded to *H. L. Green*, in favor of *Henry Phelps*. These appellants contend that the bond of two thousand dollars, signed by their ancestor in favor of *Green*, stipulates against an eviction at the hands of the heirs of *Lucy Vanhook*, deceased, and not of *Elizabeth Griffin*, deceased. So it is; but *Elizabeth Griffin* was an heir of *Lucy Vanhook*, deceased, and it is by right of representation, as sole heir of her deceased mother, that the plaintiff evicts the defendant.

As regards the restitution of the price, so far as *Green* and the heirs of *Nesom* are concerned, the judgment should have been for the amount paid by *Green* for the purchase from *Vanhook*. The restitution of the price, of which Art. 2482 C. C. speaks, has reference to the price actually paid by the vendee to his own vendor, and not to the price of any other subsequent sales or transfer of the same property.

It is worthy of notice, that the amount paid by *Green* to *Vanhook*, was applied to the extinguishment of the note given for the adjudication of the slave *Vina* to *Elizabeth Griffin*, deceased; so much then enured to the benefit of the plaintiff. It would be highly inequitable, notwithstanding the irregularity of all the proceedings had in this instance, that the plaintiff should recover the property, and, at the same time, refuse to reimburse the price of the adjudication.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, by reducing the amount allowed in favor of *Green* against his warrantors, to the sum of nine hundred and eighty dollars; and further, by allowing the warrantors of *Green* judgment against the plaintiff for the sum of nine hundred and eighty dollars, with legal interest from judicial demand, the said amount to be paid into the hands of the Sheriff before execution of this judgment at the hands of the said plaintiff.

It is further ordered and decreed, that the judgment so amended, be affirmed; the appellee paying the costs of appeal.