The opinion of the court was delivered by
Nicholls, C. J.
In the rule taken by Russmann & Galland, they maintained that the liquidators had never been legally appointed, confirmed or qualified as such, for various assigned reasons, one of the reasons assigned being, that the court was without jurisdiction in the premises, and could not legally take action in the matter of the appointment.
On the argument of this case, counsel of appellants declared that the action taken by the District Court was nothing more than substantially the approval and homologation of proceedings of a meeting of stockholders of the defendant corporation, at which the *1649 stockholders selected the three persons named as liquidators of the corporation, the order of homologation being followed by an order converting these liquidators so extra-judicially selected into jucicial liquidators, with all the rights and powers of judicial receivers authorized to stop judicial proceedings and otherwise interfere with creditors in the enforcement of their legal rights; that the order complained of was a mere confirmation, at the instance of Rouge, of those proceedings. The record in the case of Rouge is not in the transcript. Counsel should remember that while the judge of the lower court may take judicial notice of his own proceedings, this court has no knowledge of what occurred below, except through the record as brought up. Steps should have been taken in the lower court to have the proceedings in the suit of Rouge brought before us. We see enough of the situation, however, to warrant us in our opinion, in coming to a legal conclusion. The situation of these parties is a peculiar one. The plaintiffs in rule were proceeding regularly in the execution of the judgment obtained by them, when they were met by a rule to show cause why further proceedings should not be stayed by injunction, by reason of plaintiffs in rule having been appointed liquidators of the defendant corporation in an order of the Civil District Court, the effect of which, it was claimed, was legally to tie the hands of creditors, and prevent their proceeding against the property of the corporation.by way of execution. The liquidators made the order of court the sole basis of their demand. If the defendants in that rule were of the opinion that the court which issued the order was without jurisdiction or power to grant the order which was made the basis of the demand, the defendant, we think, had the legal right, by way of defence and cause shown, to set up that contention. Whether or not they would succeed in that contention is a different matter. We do not think that the plaintiffs in that particular rule, having themselves invoked Russmann & Gailand to show cause, could object as to the mere form of their doing so by way of answer. Paxton vs. Cobb, 2 La. 139; Quine vs. Mayes, 2 Rob. 510; Surgi vs. Colmer, 22 An. 22; Stevenson & Co. vs. Riser, 23 An. 421; Succession of Coco, 32 An. 329; Borde vs. Erskine, 33 An. 879; Beltran vs. Gauthreaux, 38 An. 106; Succession of Mercier, 42 An. 1138; Baker vs. Michinard, 17 An. 251; Pasteur vs. Lewis, 39 An. 5; Windom vs. McVeigh, 93 U. S. 283.
*1650 The Circuit Court, instead of attempting to pass finally upon the issues, conservatively relegated the parties to the Civil District Court for a decision upon them. The present proceeding, though not so in appearance, is substantially nothing more than cause assigned by Russmann & Galland (responsively to the rule of the liquidators upon them to show cause) why an injunction should not issue in the Circuit Court restraining them from further proceeding with their seizure in the Circuit Court. In dealing with the question whether a rule was the proper remedy or not to be resorted to by Russmann & Galland, we think the peculiar circumstances under which it was resorted to can fairly be considered, and added as a feature in the determination of the general question of remedy.
We do not conceive that the Circuit Court in directing that in the absence of the filing within five days by Russman & Galland of a suit attacking the validity of the appointment of the liquidators the garnishments should be quashed, attached any particular significance to the manner in which the plaintiffs should proceed in the District Court by way of attack. It was the attack itself, not its mode, which the court had in view. It was (as we have said) substantially a transfer of the rule to the District Court. Plaintiffs’ right of attack was, however, independent of any order of the Circuit Court.
We are of the opinion that plaintiffs in rule were authorized to proceed as they did. If the District Court was without power, authority and jurisdiction to grant the order it did, and it was an absolute nullity, the sooner that fact be ascertained and announced the better for all parties.
It is to the interest of all that litigation by which the common property of the debtor is being eaten up by costs should terminate, and that the rights of parties should be determined as speedily as possible, consistently with justice. We see no good reason for forcing plaintiffs to a direct action; all persons in interest are now confronting each other on equally advantageous ground, and it wonld be subordinating substance to form, to require new proceedings; we see nothing to be gained by it. Jeffries vs. Bellville Iron Works, 15 An. 20; Letchford vs. Dannequin, 16 An. 150; Hackett vs. His Creditors, 43 An. 124; State ex rel. Brittin et al. vs. City, 43 An. 833; State ex rel. Brewing Co. vs. Judge, 46 An. 100; State ex rel. *1651 Gaiser vs. Judge, 46 An. 110; State ex rel. Fox & Searles vs. Judge, 46 An. 114; State ex rel. Feldner vs. Judge, 46 An. 116.
The judgment appealed from is hereby annulled, avoided and reversed, and the case is remanded for further proceedings according to law.