ST. PAUL, J., absent on account of illness, takes no part.

## CITY OF SHREVEPORT v. URBAN LAND CO., Inc.*

## No. 4384.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Mitchell T. Monsour and A. M. Pyburn, both of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellee.

DREW, Judge.

In this case the pleadings and issues involved are properly set forth in the application of this court to the Supreme Court for instructions, and are as follows:

"Plaintiff alleged that upon compliance with Act 187 of 1920, by the property owners and the City of Shreveport, Ashton Street, in the City of Shreveport, from Pierre Avenue to Norma Street, was paved. It alleged in detail a full compliance with the Act; that upon completion of the work, petitioner adopted the ordinance accepting the paving and making the assessment therefor. The ordinance is attached to the petition.

"It further alleged that it caused the ordinance accepting the paving to be recorded in the Mortgage Records of Caddo Parish, in accordance with law; that at the time of the assessment, C. C. Cook, now deceased, owned Lots 2 and 3 of Block 7 of Allendale Heights, in the City of Shreveport, and that said property was subject to the assessment under the aforesaid ordinance; that the Urban Land Company, Incorporated, domiciled in Shreveport, Caddo Parish, Louisiana, is now the owner of the above described property, which is liable to said assessment; that petitioner has a lien and privilege upon the above described property for the full amount of said claim, together with interest, attorney's fees and cost of recording the lien; and prayed for judgment accordingly.

"The ordinance accepting the said paving and levying the assessment against the abutting property owners is attached to the petition and made a part thereof. It shows on its face to have been adopted by the City of Shreveport Council on September 24, 1929, and to have been filed and recorded in the mortgage office of Caddo Parish, Louisiana, on October 8, 1929, fourteen days after its passage.

"Defendant filed an exception of no cause or right of action, which was sustained by the lower court.

"The question presented is one of interpretation of section 4 of Act 187 of 1920, which reads as follows:

"'Be it further enacted, etc. That upon the final and satisfactory completion of the work, the municipal authorities shall accept it by ordinance, and provide for the assessment of all abutting real estate and railroad tracks and roadbeds in the amount due by the owner thereof, according to the rule of apportionment stipulated in this act. A certified copy of such ordinance contained in the said assessment shall within ten days after its passage be filed for record in the office of the Recorder of Mortgages, in the same parish in which said assessed property is located, and the same when so filed and recorded shall operate as a lien and privilege in favor of said

city or town, or its transferees, against the real estate and railroad tracks therein assessed, which lien and privilege shall prime all other claims except taxes.'

"Questions.

"Under the provisions of Section 4 of Act 187 of 1920, does a lien and privilege exist in favor of the City against the property which is assessed in said ordinance, if the ordinance is filed and recorded after the expiration of the ten days fixed by said Act, or in other words, is it necessary that the ordinance be recorded within ten days in order to bring into existence a lien and privilege in favor of the City against the abutting property which has been assessed with the cost of the paving in the ordinance?

"The Second Division of this court, in the case of State ex rel. Wheless Inv. Co. v. City of Shreveport, 142 So. 641, in interpreting section 7 of Act 168 of 1926, which, for the purpose of this case, is identical with Section 4 of Act 187 of 1920, said:

" 'The requirements of this law are mandatory. After the work has been done by the contractor, the governing authority "shall accept the same by ordinance or resolution and provide for the assessment of all abutting real estate", etc., and " * * * shall within ten days after its passage" record a copy of said ordinance in the office of recorder of mortgages of the parish, "and the same, when so filed and recorded, shall operate as a lien and privilege" etc. It is absolutely necessary for the bringing into existence of a lien or privilege that the law prescribing the steps precedent thereto be literally complied with. Liens being stricti juris and in derogation of common right, laws providing for their creation are strictly construed.

" 'Two indispensable things were necessary to the validity of the lien involved herein, viz.: 1. That the ordinance of the city should be passed accepting the pavement and making assessments; and 2. That it, or a copy, should be recorded in the office of the recorder of mortgages of the parish of Caddo within ten days from its passage. The failure to do the latter strikes the lien with nullity.'

"There appears to be no other decision on the subject by any other court of this State. Your Honorable Court refused a writ in this case, but, as the statement of the court above quoted was not necessary to a correct decision of that case, we do not know whether that particular dictum was approved or not. The statement of the court above quoted was not necessary for decision of that case, for the reason that the ordinance levying the assessment was not filed within the ten days allowed by the statute, and under no circumstance could it prime a mortgage, lien or privilege in existence against the property prior thereto,

and the plaintiff's mortgage in that case was of record prior to the paving of the street.

"Due to the fact that there are a number of similar cases coming before this court on this same question, we respectfully request instruction.

"We are transmitting the record containing briefs of plaintiff and defendant."

In answer to the question propounded the Supreme Court had the following to say:

"The purpose of Act 187 of 1920, as amended by Act 115 of 1922, is to provide additional means whereby certain cities, towns and incorporated parish seats may improve their streets and alleys. It provides in detail the method to be pursued when it is resolved by the municipal authorities to make the improvements, and confers upon such authorities the power, 'To levy and collect special taxes or local assessments on the property abutting on the street or alley to be improved, for the purpose of defraying the entire expense of said work, repair or improvement.'

"Incidentally, the statute, in Sec. 4, provides for a lien and privilege in favor of the municipality or its transferees against the real estate and railroad tracks assessed. The lien, however, does not arise solely by virtue of the assessment, but only by virtue of the registry in the mortgage records' of the parish where the property is situated, of the ordinance levying the assessment. It is provided that:

" 'A certified copy of such ordinance contained in said assessment shall, within ten days after it is passed, be filed and recorded in the office of the recorder of mortgages in the parish in which said assessed property is located, and the same when so filed and recorded shall operate as a lien and privilege in favor of the city or town or its transferees, against the real estate and the railroad tracks therein assessed, which lien and privilege shall prime all other claims except taxes.'

"According to the plain and unambiguous letter of the act the lien and privilege comes into existence upon the filing and recording of the ordinance levying the assessment in the mortgage records of the parish. It is the filing and recording of the ordinance which creates the lien and privilege and the lien springs into existence the moment the ordinance is filed and recorded. The act does not say, and we think there is no reason for construing it to mean, that no lien shall exist unless the ordinance is filed within ten days from the date of its passage. The act says that the ordinance 'when so filed and recorded shall operate as a lien'. We construe this to mean that the lien comes into existence whenever or at whatever time the ordinance may be filed and recorded.

"In so far as the issue here involved is concerned, we are considering Act 187 of 1920

as a lien statute. In construing lien statutes, all applicable laws on the same subject matter should be construed together so as to produce a harmonious system, if possible. The presumption is that a new law relating to such subject was enacted with reference to the former general law.

"That part of section 4 of the act which provides that the ordinance levying the tax or local assessment shall be filed and recorded within ten days after the date of its passage, must be read and construed with reference to and in connection with the general registry laws of the state, which are found in the Civil Code. When so construed, its meaning and purpose are apparent. The specified period of ten days for registering the ordinance has nothing to do with the creation or existence of the lien. But the purpose in specifying the time within which the ordinance shall be recorded was to establish the order of priority of the claims to the property and to operate as a notice to other creditors as well as to purchasers and encumbrancers; that is, the delay specified has to do only with the effect of registry as relates to third parties.

" 'No mortgage or privilege shall hereafter affect third parties unless recorded in the parish where the property to be affected is situated.' C. C. art. 3347.

" 'Privileges are valid against third persons from the date of the recording of the act or evidence of indebtedness as provided by law.' C. C. art. 3275.

"Art. 3274 of the Code reads as follows:

" 'No privilege shall have effect against third persons unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it, over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded within seven days from the date of the act or obligation of indebtedness, when the registry is required to be made in the parish where the act was passed or the indebtedness originated, and within fifteen days if the registry is required to be made in any other parish of this state. It shall, however, have effect against all parties from date of registry.'

"In order that privileges shall prime prior existing mortgages, they shall be recorded within seven days under article 3274. That specified time applies to privileges generally. But that time is extended in many of the lien statutes enacted since the amendment of the Code in 1877, among them being Act 187 of 1920, the one now under consideration. Instead of seven days as provided in the Code for recording the evidence of indebtedness, the act here involved provides that the ordinance, which is the evidence of the indebtedness, shall be recorded within ten days.

"The purpose of the codal provisions that privileges shall be recorded within seven days is expressed, that is, to make them prime or rank prior mortgages or liens. The requirements in Act 187 of 1920 that the ordinance be registered within ten days is for precisely the same purpose, or, to use the exact language of the act, to make it 'prime all other claims except taxes.'

"The Code (Art. 3274) specifically provides that 'It shall, however, have effect against all parties from the date of its registry.'

"Act 229 of 1916, which provides for the creation, recognition and recordation of liens and privileges of laborers, contractors, etc., provides that any person claiming a privilege under the act 'shall file in the office of the recorder of mortgages of the parish in which the land is situated, a statement setting forth the amount claimed,' etc., and,

" 'Such statement must be filed within forty-five (45) days after the acceptance of the work by the owner.'

"In Robinson-Slagle Lbr. Co. v. Rudy et al., 156 La. 174, 100 So. 296, it was held, to quote paragraph 1 of the syllabus:

" 'Under Civil Code Art. 3274 and Act No. 229 of 1916 where material man neglects to record lien for more than 45 days after delivery, recordation is effective only from time of recordation.'

"In connection with that holding, the Court quoted approvingly the following from the case of LeGoaster v. Lafon Asylum, 155 La. 158, 99 So. 22,

" 'For it is strictly in accordance with C. C. Arts. 3273 and 3274 (as amended by Act No. 45 of 1877), that a mortgage or privilege to give a preference over pre-existing claims should be recorded within a given delay, but as to future claims, it must be given full effect from the time of its recordation.'

"McQuillin, in his work on Municipal Corporations, Second Edition, Vol. 5, § 2255, speaking of local assessments for public improvements, says:

" 'Before a lien can exist, the formal steps prescribed by law to be taken, must be followed, *as filing within the* specified time.' (Italics ours.)

"In treating of the same subject matter, it is said in 44 C. J. 800, § 3405:

" 'The filing must be within the time prescribed by the statute.'

"We have checked the authorities cited in each of those works in support of the above texts and find only Pennsylvania cases. Apparently the courts of that state have held uniformly that the filing of the ordinance within the specified time is a condition precedent to the existence of the lien. If the courts of any other state have made similar rulings, the cases are not cited in either of these works, nor are they cited in 25 R. C. L.

under the general heading 'Special or Local Assessments.'

"In reaching a conclusion in this case we have followed our own laws and the construction placed upon them by our courts.

"The question propounded by the Court of Appeal is this:

" 'Is it necessary that the ordinance be recorded within ten days in order to bring into existence a lien and privilege in favor of the city against the abutting property which has been assessed with the cost of paving in the ordinance?'

"Our answer is, 'No.' "

The lower court, in sustaining the exception, followed the dictum of this court in the case of State ex rel. Wheless Inv. Co. v. City of Shreveport, 142 So. 641, and held that the recording of the ordinance after the expiration of the ten days fixed by the statute did not create a lien.

Therefore the decision is erroneous and the exception of no cause of action should have been overruled.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is reversed and the case remanded for further proceedings in accordance with law.