## RUBENSTEIN v. LEMOINE et al.
### No. 4572.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Aubrey M. Pyburn, of Shreveport, for appellant City of Shreveport.

L. Percy Garrot, of Shreveport, for appellant Lemoine.

Cook & Cook, of Shreveport, for appellee.

MILLS, Judge.

Sam Rubenstein, plaintiff in this suit, is the owner of lot 16, block 20, of the J. N. Howell subdivision of the city of Shreveport, having acquired same by purchase from A. G. Chatwin. Defendant, Dr. A. Lemoine, is the holder of three paving certificates signed by A. G. Chatwin and bearing upon said lot. These certificates are dated November 1, 1929. Nos. 20474 and 20475 are for $340.29, each, and No. 20476 is for $340.28. They all bear interest at the rate of 6 per cent. per annum from date until paid, payable annually, and call for 10 per cent. of the principal and interest as attorneys' fees. They mature respectively two, three, and four years after date. Interest to November 1, 1930, has been paid.

The paving covered by the above certificates was done under the provisions of Act No. 187 of 1920, as amended by Act No. 115 of 1922. It was duly accepted, and the resulting assessments levied by ordinance of the city council of the city of Shreveport on October 22, 1929. This ordinance was not recorded until November 12, 1929, more than ten days after its adoption. The property was purchased by Rubenstein from Chatwin after the recordation of the paving ordinance.

The object of this suit by Rubenstein is to have the above recordation canceled in so far as it affects lot 16 because the recordation was not made until more than ten days had elapsed from the date of its adoption. Plaintiff contends that the failure to record the ordinance within the period required by section 4 of said Act No. 187 of 1920 rendered the purported lien invalid.

Defendant, Lemoine, answered, called the city of Shreveport in warranty, and in reconvention prayed for the recognition and enforcement of his paving lien.

The lower court, following the case of State ex rel. Wheless Inv. Co. v. City of Shreveport (La. App.) reported in 142 So. 641, rendered judgment for plaintiff as prayed for and for defendant on his call in warranty against the city of Shreveport for the amount of the certificates with interest, attorney's fees, and costs. From this judgment defendant and the city of Shreveport have appealed.

Since the rendition of the judgment in the Wheless Case, our Supreme Court, in the case of City of Shreveport v. Urban Land Co. Inc., certified to it by this court for instructions, and reported in 148 So. 256, has said that, to prime all other claims except taxes as provided in the act, the assessment ordinance must be recorded within the required ten days, but that failure to do so does not defeat the right to a lien; that a lien and privilege against the abutting property is brought into existence by a recordation after ten days, but becomes effective only from the date of recordation.

Counsel for plaintiff concede that the above decision is conclusive of his rights, and that Rubenstein, having purchased the property subsequent to the recordation of the ordinance, took it subject to the paving lien.

The judgment appealed from is therefore reversed, plaintiff's demand is rejected, defendant's call in warranty is dismissed, and there is judgment in favor of defendant against the plaintiff on defendant's reconventional demand, recognizing its lien and privilege on lot 16 of block 20 of the J. N. Howell subdivision of the city of Shreveport, together with all buildings and improvements thereon, and condemning plaintiff to relinquish said property and ordering that it be seized and sold by the sheriff of Caddo parish, La., to satisfy defendant's claim in the sum of $680.58, with 6 per cent. per annum interest thereon from November 1, 1930, until paid, plus interest on $340.28 at the rate of 6 per cent. per annum from November 1, 1930, to November 1, 1932, plus 10 per cent. of above total amount of principal and interest, as attorney's fees, together with costs of both courts, and plus any additional amount that may become due before said sale is made; said sale to be for cash for the sums due and on such terms of credit for the sums not due as allowed by the undue note, interest coupons, and paving certificates. In default of plaintiff relinquishing said property as above ordered,

that plaintiff be condemned to pay defendant the full amount of the above judgment; plaintiff to pay all costs.