165 So. 873

## LEMOINE v. CITY OF SHREVEPORT.

No. 33710.

Feb. 3, 1936.

J. H. Jackson, of Shreveport, for applicant.

L. Percy Garrot, of Shreveport, for respondent.

ROGERS, Justice.

Dr. A. Lemoine brought suit against the city of Shreveport to recover $230.60 which he alleged to be due as an attorney's fee. The district court gave plaintiff judgment, and the Court of Appeal affirmed the judgment. 162 So. 653. A writ of certiorari has brought the case here. The facts, which are undisputed, are as follows, viz.:

The city of Shreveport paved or caused to be paved the street adjacent to lots owned by J. J. Lyons. The municipality by ordinance accepted the paving, fixed the liability of the abutting lots for its cost, and levied an assessment therefor; but the ordinance was not timely recorded and the lien created by its recordation was inferior to a pre-existing mortgage. City of Shreveport v. Urban Land Company, 177 La. 357, 148 So. 256.

Lyons executed his promissory notes to the city and the city issued the customary paving certificates. The notes and the certificates stipulated 8 per cent. interest and 10 per cent. attorney's fees, as authorized by the statute (Act No. 168 of 1926) and the ordinance accepting the paving and fixing liability therefor. The city sold the notes and certificates to Dr. Lemoine, indorsing them "without recourse."

The holder of the pre-existing mortgage foreclosed his mortgage and the paving lien was properly canceled. Dr. Lemoine, being left without any security to pay the notes and the certificates, sued and obtained judgment against Lyons, the maker of the notes, for the amount of the notes and certificates, interest, and attorney's fees, with recognition of the paving lien. A writ of fieri facias issued on the judgment was returned nulla bona. Thereafter, on his demand, the city of Shreveport paid Dr. Lemoine the principal of the judgment against Lyons, together with the accrued interest, but declined to pay the 10 per cent. stipulated in the notes and certificates as attorney's fees. This suit followed.

The question presented for decision is whether a municipality which indorses paving notes and paving certificates "without recourse" is liable to their holder for the attorney's fees stipulated in the instruments.

The contention of the relator, the city of Shreveport, is that its obligation is that of a warrantor under a sales contract, and that as such warrantor its obligation is only for the return of the purchase price with legal interest from judicial demand.

The contention of the respondent, Dr. Lemoine, is that under the Negotiable Instruments Act and certain codal articles, relator by its qualified indorsement warranted the existence of the security guaranteeing payment of the instruments as well as their genuineness, and that as such warrantor relator is obligated to pay not only the principal and interest of the pav-

ing notes and certificates, but also the attorney's fees.

■The general rule is that an indorsement without recourse is sufficient to transfer title, but it exempts the transferor from all liability as indorser, except that he is still chargeable with implied warranties as a seller of the paper, unless it is otherwise provided in the statute. 8 C.J. Bills and Notes, § 550, pp. 369, 370.

There is no conflict between the rule and the Negotiable Instruments Law, Act No. 64 of 1904. Thus section 38 of the statute declares that while an indorsement "without recourse" does not impair the negotiable character of the instrument, it makes the indorser a mere assignor of the title to the instrument. Section 65 enumerates the warranties where the instrument is negotiated by delivery or by a qualified indorsement. Those warranties are (1) that the instrument is genuine and in all respects what it purports to be; (2) that the indorser has a good title to it; (3) that all prior parties had capacity to contract; and (4) that the indorser had no knowledge of any fact which would impair the validity of the instrument or render it valueless. Section 66 enumerates those warranties which exist where an instrument is indorsed without qualification, several of the warranties being common to both classes. The common warranties relate to the genuineness, purport, and title of the instrument, and capacity of the parties. The warranties are not common, in that under section 65 the indorser without recourse warrants that he has no knowledge of any fact impairing

the validity of the instrument or rendering it valueless, whereas under section 66 the indorser without qualification warrants that the instrument is valid and subsisting. Under the latter section, an indorser without qualification also warrants that the instrument will be accepted or paid, or both, as the case may be, and that if the instrument be dishonored, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it.

■ It is plain, therefore, under the express provisions of the Negotiable Instruments Law, that the city of Shreveport by indorsing the notes and paving certificates "without recourse" and delivering them to plaintiff with that qualified indorsement did not obligate itself to pay the amount thereof in the event of the failure of the maker to pay them at maturity, but, being "a mere assignor of the title to the instruments," the city merely warranted their genuineness and purport, the city's title thereto, the maker's capacity to contract, and the city's lack of knowledge of facts impairing the validity of the instruments or rendering them valueless. Cook v. Lemoine, 178 La. 1014, 152 So. 689.

■ The liability of the city of Shreveport as an indorser without recourse is that of a vendor of the notes and paving certificates. As such vendor its liability is not on the instruments themselves. The warranties are in analogy to warranties on the sale of chattels; they are collateral undertakings; they refer to conditions of fact existing or not existing at the time

of the transfer without relation to the maturities of the instruments. Bigelow on Bills, Notes and Checks (3d. Ed.) p. 216.

Under the provisions of Act No. 168 of 1926, the notes and paving certificates were secured by a lien and privilege against all the property abutting the paved street, including that of the maker of the notes.

 Where a note and the mortgage securing the same are assigned by notarial act "without recourse," the latter words amount to a mere stipulation of nonwarranty; and their effect so far as the mortgage is concerned is governed by the Civil Code and not by the law merchant. Templeman v. Hamilton & Co., 37 La. Ann. 754. There is no difference in the liability of the seller of a promissory note secured by mortgage on immovable property and a paving certificate secured by a lien on immovable property. Hence, we must look to the articles of the Civil Code treating of the contract of sales for the principles controlling the question presented for decision.

Article 2475 of the Civil Code declares that the seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells. Article 2645 provides that the sale or transfer of a credit includes everything which is accessory to the same; as suretyship privileges, and mortgages. And article 2646 provides that the seller of a credit or an incorporeal right warrants its existence at the time of the transfers though no warranty be mentioned in the deed. But the transfer of the notes and

paving certificates by the city of Shreveport to plaintiff was not made with full warranty or without mention of warranty. On the contrary, the city of Shreveport expressly stipulated that the transfer was made without recourse, which means that it was made with the express stipulation of no warranty. Hence, the liability of the city of Shreveport is governed by article 2503 of the Civil Code, providing that the parties may agree to diminish the effect of warranty or that the seller shall not be subject to any warranty; and article 2505 which declares that even in the case of the stipulation of no warranty, the seller, in case of eviction, is liable to restitution of the price, unless the buyer was aware, at the time of the sale, of the danger of eviction, and purchased at his peril and risk. Article 2505 applies not only to the sale of corporeal things, but also to the sale of debts, or incorporeal rights. Corcoran v. Riddell, 7 La.Ann. 268; Jenkins v. Parish of Caddo, 7 La.Ann. 559.

This court has also uniformly held that a warrantor is not liable for the fees of an attorney employed by the evicted vendee to assert his rights. Walsh v. Harang, 48 La.Ann. 984, 20 So. 202, and authorities therein cited.

In one of the cases cited, namely, Dyson v. Phelps, 14 La.Ann. 722, plaintiff, who had purchased a slave for $980, subsequently sold the slave for $1,150. In a suit against his warrantor, plaintiff claimed $1,150, the price of the sale, with legal interest from the date of payment and the additional sum of $200 as attorney's fees.

The judgment of the district court was in favor of plaintiff for the amount claimed. This court, however, reduced the amount of the judgment to $980., the price paid by the vendee, with legal interest from judicial demand, and eliminated the claim for attorney's fees.

While the notes and paving certificates provided for the payment of attorney's fees in case of suit, which fees as well as the principal and interest were secured under the statute by a paving lien, yet this suit is not on the notes and certificates, but is in warranty for the damages suffered by plaintiff by their loss due to the superior lien held by a third person. Under the agreement of the parties to exclude the obligation of warranty which results of right from a sale, the measure of plaintiff's damages, besides costs, is the price which he paid for the notes and certificates, with legal interest thereon from date of payment. The attorney's fees stipulated in the notes and paving certificates cannot be imposed upon the warrantor either as costs or as damages.

In Fisher v. Levy, 180 La. 195, 156 So. 220, 94 A.L.R. 1297, involving a similar theory of liability, this court disallowed the claim of attorney's fees as damages in an action on the recorder's bond by a person relying on the cancellation from the records of the inscription of a mortgage, which cancellation was based on a forged note.

Plaintiff strongly relies on the case of State ex rel. Wheless Investment Company v. City of Shreveport, 142 So. 641, wherein the Court of Appeal, Second Circuit, held that the warrantor of paving certificates was bound for the attorney's fees; and this court refused to review the case on application for certiorari.

But the claim for attorney's fees was merely one of several incidental questions involved in the case. The major question presented for decision was the validity vel non of the paving lien. That was the main question, if not the only question, considered by this court in denying the application for certiorari. The denial by this court of the application for certiorari was not intended as an expression of opinion on the question presented in this case.

For the reasons assigned, the judgment of the Court of Appeal under review herein is annulled, and plaintiff's suit is dismissed at his costs.