O’NIELL, Chief Justice
 

 (dissenting).
 

 From the facts which are set forth in the prevailing opinion in this case, it appears to me that the death of the insured did not “result from bodily injuries, effected directly and independently of all other causes through external, violent and accidental means.” It is true that blood poisoning hastened the death; but there seems to be no doubt — and as I understand no dispute —that the chronic antemic condition of the insured, with which he was afflicted before he injured his hand, was partly, if not mainly, the cause of his death. My opinion, therefore, is that the plaintiffs’ claims are not sustained by the “Additional Indemnity Contract,” in the policy, viz.:
 

 “The Travelers Insurance Company agrees that, if the death of the insured * * * shall result from bodily injuries effected directly and
 
 independently of all other causes
 
 through external, violent and accidental means, * * *
 
 provided such death does not result
 
 * * *
 
 directly or indirectly from disease in any form,
 
 the Company will pay, immediately on receipt of
 
 due proof thereof,
 
 the amount named below [$5,000] in addition to the amount of insurance [$5,000] payable in the event of the death of the insured under the Life Contract hereinafter mentioned.” (The italics are by me.)
 

 The quotation in the prevailing opinion in this case, from Couch on Insurance, vol. 5, § 1142, p. 4014, is taken from a footnote,, which is a quotation from Stanton v. Travelers’ Insurance Co., 83 Conn. 708, 78 A. 317, 34 L.R.A.(N.S.) 445. Couch states what was decided in that case, thus: -“And death from appendicitis, following a strain which would not have caused such disease but for an abnormal condition of the appendix, due to a former attack, is not within a policy insuring against death from injury effected directly and independently of all other causes through external, violent and accidental means, since the injury and disease or infirmity concur and co-operate in causing death.” Here, Couch cites the footnote, No. 38, and in the footnote, referring to'Stanton v. Travelers’ Insurance' Co., Couch says: “In reaching this conclusion, the court said: ‘The consensus of opinion is that, if an injury and an existing bodily disease or infirmity concur and cooperate to that end, no liability exists; if, however, the disease results from the injury, the company is liable, though both co-operate in causing death. The distinction made in this particular is found in that class of cases where the infirmity or disease existed in the insured at the time of the injury, and, on the other hand, that class of cases where the disease was caused and brought about by the injury. And even in cases where the insured is afflicted at the time of the accident with some bodily disease, if the accidental injury be of such a nature as to cause death solely and independently of the disease, liability exists/ It was also said that, inasmuch as the in
 
 *637
 
 juries sustained were not the sole cause of death, ‘it is unimportant to consider the question whether there was an accident, strictly speaking, in the means through which these injuries were effected. The policy in question does not purport to be a contract of indemnity against death or injrtry effected through all accidental means.’ ”
 

 On page 4013, in the same section, Couch refers with approval to the three rules which are generally, if not universally, recognized, and which are recognized in Stanton’s Case, thus: “(1) When an accident caused a diseased condition which, together with the accident, resulted in the injury or death complained of, the accident alone is to be considered the cause of (he injury or death. (2) When at the time of the accident the insured was suffering from some disease, but the disease had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause. (3) When at the time of the accident there was an existing disease, which, co-operating with the accident, resulted in the injury or death, the accident cannot be considered as the sole cause, or as the cause independent of all other causes.” According to the first rule cited, if, in this case, the only disease that contributed to the cause of death had been the blood poisoning which was caused by the accident, the company would be liable for the additional $5,000 of insurance. According to the second rule, if the disease which the insured had before the accident had been one which could have no causal connection with the death, the company would be liable for the additional $5,000 of insurance. But, according to the third rule, inasmuch as there was, at the time of the accident, an existing disease, which, co-operating with the accident, resulted in the death, “the accident cannot be considered as the sole cause, or as the cause independent of all other causes.”
 

 The quotation in the prevailing opinion in this case, taken from 1 C.J. § 127, p. 452, consists of the substance of several decisions cited in the footnotes. The ruling in each case was founded upon the wording of the contract. The decisions cited are not recent cases. I do not believe that any decision can be found to sustain the proposition that the insurer is liable under the “Additional Indemnity Contract,” under the facts of this case, where the contract contains the proviso: “Provided such death does not result * * * directly or indirectly from disease in any form.” The important and distinguishing fact in this case is that the death did result — at least indirectly — from a disease which existed at the time of and long previous to the accident.
 

 The decision rendered by the Court of Appeal in the case of Carnelious v. Louisiana Industrial Life Insurance Co., 18 La.App. 739, 138 So. 533, 534, is based upon the peculiar facts of that case, and is not controlling. In the first place, it does not appear that the policy contained a proviso, such as we have in the policy in this case, exempting the insurer from liability for injury or death resulting directly or indirectly from disease in any form. The
 
 *639
 
 clause in question in the Carnelious Case was this: “If through accident the insured sustains an injury which directly, and independently of all other causes, results in entire and continuous disablement of the insured within sixty days from the date of such accident,” etc. The defense urged by the insurance company was that the insured had syphilis at the time of the injury which necessitated the amputation of his leg, and that the syphilis contributed to the condition which necessitated the amputation. In discussing that defense the Court of Appeal said, at the outset: ‘(Nothing more than the bare statement of the result of the Wasserman test appears in the record, and there is therefore nothing to indicate the extent,
 
 if
 
 any, to which this infliction contributed to the necessity for amputation.” I have italicized the words “if any,” because the expression indicates that the Court of Appeal did not conclude, from the evidence, that the syphilis had contributed at all to the necessity for amputation. What the Court of Appeal said thereafter on the subject should not be deemed to have been affirmed by this court’s refusal to grant a writ of certiorari or review in the case. A denial by this court of an application for a writ of certiorari to review a judgment of the Court of Appeal is not an affirmance of all that is said in the opinion of the Court of Appeal. Lemoine v. City of Shreveport, 184 La. 221, 165 So. 873.
 

 In my humble judgment, the decree rendered in this case does not enforce the contract of insurance as written.