McBRIDE, Judge.
On May 20, 1964, the judicial liquidators of the New Orleans Butchers’ Co-operative Abattoir, Inc., pursuant to an order of court in these proceedings, deposited in the registry of the Civil District Court for the Parish of Orleans, through its clerk, the sum of- $21,907.56 due to and for the account of certain named stockholders of record of the corporation as their liquidating-dividends, and also deposited in said registry the sum of $1494 which is the aggregate-amount of certain cash dividends the corporation owed certain named stockholders.. The liquidators in their petition for authority to make the deposits alleged that the stockholders to whom the money was owed could not be located “over the years,” and had failed to contact petitioners “or to meet their requirements” and that neither the-corporation nor the liquidators have been able to pay the amounts due them.
The liquidators in due course were discharged.
Thereafter, approximately one-half of the-absent stockholders, by appropriate proceedings, presented themselves to the court and claimed and received the amounts due them. At the present time of the original deposits-there remains in the registry of the court the sum of $11,055.10.
On November 15, 1965, L. J. Scanlon, the Public Administrator in and for the Parish of Orleans, filed in these proceedings a petition alleging:
“The Clerk of the Civil District Court for the Parish of Orleans is holding-funds deposited with him and belonging to persons who are absent and not represented and who have not been heard from for eight years or more, all as more-particularly set forth in the ‘Petition for Authority’ filed herein by the former Judicial Liquidators of this matter on-May 20, 1964, which is incorporated herein -for reference thereto.
“Petitioner desires to be appointed Administrator of all the funds turned over-to the Clerk of the Civil District Court by the former Judicial Liquidators of this, matter and not subsequently withdrawn by Order of Court herein, belonging to. persons who are absent and not represented and who have not been heard from for eight years or more, and to have Letters of Administration issued to him upon. *311 his compliance with the requisites of law.”
The public administrator prayed that his application for Letters of Administration “on the property hereinabove described” be published and that after all legal delays •that letters as such issue to him upon his •compliance with the requisites of law; he .also prayed for an inventory and that an .attorney be appointed to represent the ab■sent stockholders, their heirs or assigns. -On the same day the judge below ordered that the application for Letters of Administration be published, that an inventory be -made, and that a named attorney at law be appointed to represent the absent persons, their heirs or assigns.
Thomas J. Buckley, Clerk of the Civil District Court, and the City of New Orleans •each opposed the application of the public administrator. After a hearing the trial •court dismissed the opposition of the clerk ■of court; the City of New Orleans subsequently withdrew its opposition.
On February 4, 1966, Scanlon, as public .administrator, was appointed “Administrator herein” and took the prescribed oath .after which Letters of Administration were issued certifying that L. J. Scanlon, Public Administrator, has been appointed “Ad-ministrator of the above said entitled mat■ter.”
The public administrator then filed a rule against the clerk of court to show cause why the balance of $11,055.10 deposited by the liquidators in the registry of the court should not be turned over to him for ad-ministration, which rule was answered by the clerk of court who challenged Scanlon’s authority to administer the funds on the ground the letters of administration issued to him as public administrator are a “complete nullity.”
After trial thereon, Scanlon’s rule was •made absolute and the clerk was ordered to forthwith turn over the funds in question to him. From this judgment the clerk -of court has taken the instant appeal.
The public administrator filed in this court exceptions of no right of action and res judicata which we now overrule. It was argued on behalf of the exceptor that, whereas the clerk of court took no appeal from the appointment of Scanlon as administrator, the order of appointment is now final and constitutes res judicata, and that the clerk has no right to collaterally assail the appointment.
We agree with counsel that the general rule is to the effect that the appointment of an administrator by a court of competent jurisdiction cannot be inquired into collaterally. But the jurisprudence is settled that the validity of the appointment of an administrator may be attacked collaterally when such appointment is null and void and not valid on its face. Thibodeaux v. Thibodeaux, 126 La. 578, 52 So. 773; Vinet v. Bres, 48 La.Ann. 1254, 20 So. 693; Wilson v. Imboden, 8 La.Ann. 140. A judgment which is an absolute nullity has no existence in law and may be collaterally attacked by anyone against whom it is sought to be enforced in any place, at any time and tinder any circumstances. Andrews v. Sheehy, 122 La. 464, 47 So. 771; Elmore v. Johnson, 121 La. 277, 46 So. 310; Decuir v. Decuir, 105 La. 481, 29 So. 932; Rouge v. Lafargue Bros. Co., 47 La.Ann. 1646, 18 So. 652; Brigot’s Heirs v. Brigot, 47 La.Ann. 1304, 17 So. 825; Succession of Coco, 32 La.Ann. 325; Conery v. Rotchford, Brown & Co., 30 La.Ann. 692; Edwards v. Whited, 29 La.Ann. 647; Walworth v. Stevenson, 24 La.Ann. 251; Key v. Jones, La.App., 181 So. 631. Nottingham v. Hoss, 19 La.App. 643, 141 So. 391. Such a judgment never attains the status of res judi-cata.
Notwithstanding the contention of the clerk that Scanlon’s appointment as “Administrator herein”, even if valid does not authorize an administration of the funds but merely empowers him to administer the liquidation of the corporation, we shall assume, for the purposes of this opinion, that it was the intention of the trial court *312 to authorize Scanlon to administer the funds which he seeks to obtain from the clerk of court.
The decisive point before the court is whether the Public Administrator for the Parish of Orleans may legally be appointed administrator and entitled to possession of the questioned funds now in the registry of the civil district court.
R.S. 13:1305 provides that the civil district court shall select a solvent, incorporated bank in New Orleans as a judicial depository, in which shall be deposited all money as soon as it shall come into the hands of the clerk, which deposits shall not be removed in whole or in part without an order from the judge seized with jurisdiction.
Under R.S. 13:1308, captioned “Registry of court”, the sheriffs, clerks or other officers of the civil district court shall deposit with the judicial depository all moneys, notes, bonds or securities (except such notes or documents as may be filed with suits or in evidence) coming into their hands, which shall be kept by the clerk of court.
R.S. 39:1231 provides that all funds deposited in the registry of any court or coming into the hands of the clerk of court or sheriff in any judicial proceeding and not belonging to such officer, shall be deposited in the bank previously selected, and in the Parish of Orleans such funds shall be subject to such rules and regulations as may be prescribed by the judges of the Civil District Court.
The public administrator takes the position his power to administer the funds eminates from R.S. 9:1585, which we quote in full as follows :
“Except as otherwise provided in R.S. 9:151 et seq., as amended, they shall be appointed administrators of all money or other property in their respective parishes which has been abandoned or the ownership of which is unknown and of all the money or other property standing in the name of persons who are absent and not represented and have not been heard from for eight years or more. It shall' be the duty of any person, firm or corporation holding such funds or property to deliver same to the public administrator and his receipt for same shall' relieve said person, firm or corporation from all liabilities therefor. The public administrators shall administer such property in the manner provided by law for-the administration of vacant succession. As amended Acts 1950, No. 339, § 1 ; Acts 1952, No. 200, § 1; Acts 1960, No. 497, § 1.”
As appears above, R.S. 9:1585 has been-amended on three occasions. Prior to the-amendment in 1950 this section in its entirety, provided that, “Pie [the Public Administrator of the Parish of Orleans] shall', be appointed administrator of all money or other property in the Parish of Orleans,, the ownership of which is unknown.” In 1950 the section was rewritten and expanded. It was amended without change,, except in spelling and capitalization, in 1952. Act No. 497, § 1 of 1960, added the-exception at the beginning of the section and substituted “they” for “He” and “in. their respective Parishes” for “the parish, of Orleans.”
If there ever was a legislative intent that R.S. 9 .T585, as originally written or by-reason of any of its amendments, should be construed or interpreted as authorizing the-Public Administrator for the Parish of Orleans to administer alleged abandoned funds, deposited in the registry of the civil district, court such was abandoned by the Legislature of 1960 which passed Act 113 of that year. The Legislature by that Act added a new section (13:1310) to the Revised Statutes which specially provided for a disposition by the clerk of all unclaimed funds, which have been deposited in the registry of the civil district court for more than, seven years whose owners or their whereabouts are unknown.
*313 The title of Act 113 of 1960 reads thus:
“To amend Title 13 of the Louisiana .Revised Statutes of 1950 relative to the judicial depository of the Civil District ■Court for the Parish of Orleans by adding a new section thereto, to be known as Section 1310, to authorize the Clerk of the Civil District Court for the Parish of Orleans to deposit into the treasury of the ■City of New Orleans all unclaimed funds ■which have been deposited in the registry ■of the Court for a period of more than seven (7) years, and whose owners are unknown, or whose owners’ whereabouts •are unknown, and have not been heard from for a period of seven years or more; to provide a procedure for the withdraw.al of said funds; to relieve the Clerk of the Civil District Court for the Parish of ■Orleans paying said funds into the treasury of the City of New Orleans from all further liability therefor; to permit the ■City of New Orleans to use and/or invest said funds and retain the ownership ■of the interest derived therefrom.” (Emphasis ours)
The new section, R.S. 13:1310, reads in jart as follows:
“§ 1310. Deposit of unclaimed funds in court registry; procedure; use of funds
“The clerk of the civil district court for the parish of Orleans shall deposit into the treasury of the city of New Orleans •■all unclaimed funds which have been deposited in the registry of the court for •seven years or more and whose owners .are unknown, or whose owners’ whereabouts are unknown, and have not been Tieard from for a period of seven years ■or more.
“(1) The said funds shall be withdrawn and deposited as herein provided -only after the clerk of the civil district •court for the parish of Orleans has filed in the proceeding wherein the funds are 'being held a rule stating:
“(a) That the funds have been deposited in the registry of the court for a period of more than seven (7) years, and
“(b) That no claim has been filed for said funds, and
“(c) That the owners of said funds are unknown, or the owners’ whereabouts are unknown, and have not been heard from for seven years or more, and has obtained an order of the judge of the civil district court for the parish of Orleans, seized with jurisdiction in the matter, authorizing the withdrawal and deposit of the funds in the manner provided for by this section.
“(2) Upon the deposit of the funds into the treasury of the City of New Orleans in the manner provided by this section, and the filing of a receipt in the court record, the clerk of the civil district court for the parish of Orleans shall be relieved of all liability therefor and the city of New Orleans shall be responsible therefor.
******
“(4) The city of New Orleans shall have the use of all funds so deposited and is hereby authorized to invest the same in time certificates of fiscal agent banks, or in short-term United States bonds, treasury notes, or certificates; all interest or income received on such investments shall belong exclusively to the city of New Orleans and may be used by it for general fund purposes, and no person, firm or corporation shall have any claim to any portion of such interest or income received by the city of New Orleans on said investments.”
In view of the new section R.S. 13:1310 added to the Revised Statutes by the same Legislature that last amended R.S. 9:1585, a holding that the provisions of the latter embraced abandoned funds on deposit in the civil district court would be an absurdity and will defeat the object of R.S. 13 :1310 and is to be avoided. R.S. 9:1585 is a statute generally dealing with *314 the public administrator’s authority; to administer abandoned money and property. The new section, R.S. 13:1310, is a special law applying to funds in the registry of the-civil district court whose owners ór their whereabouts are unknown. Under these circumstances the special law takes precedence over any general law which authorizes the administration of abandoned or unclaimed money or property by the public administrator. We must presume that the special law was enacted with reference to the general law. City of Shreveport v. Urban Land Co., 177 La. 357, 148 So. 256.
Both sections are in pari materia in that they relate to the administration and disposition of abandoned money, and in seeking the meaning of R.S. 9:1585 the two sections should be construed together by the court so as to produce a harmonious result. R.C.C. art. 17; Melancon v. Mizell, 216 La. 711, 44 So.2d 826; State v. Caldwell, 170 La. 851, 129 So. 368; Thibaut v. Board of Com’rs., 153 La. 501, 96 So. 47; State v. Coco, 152 La. 241, 92 So. 883; Orleans-Kenner E. Ry. Co. v. Metairie Ridge Nursery Co., 136 La. 968, 68 So. 93; Succession of Baker, 129 La. 74, 55 So. 714.
There is no irreconcilable conflict as between R.S. 9:1585, R.S. 13:1310, and the sections are capable of being construed so as to give effect to each. Bearing on the same subject matter, that is, abandoned or unclaimed money, they should be interpreted as if different parts of the same law. Kinney v. Edenborn, 151 La. 216, 91 So. 712; St. Martin v. City of New Orleans, 14 La.Ann. 113. Using this formula we think that R.S. 13:1310 can be considered as an exception to R.S. 9:1585. While under the latter the public administrator is given general authority to administer certain abandoned money and property, the former section specially provides for a disposition by the clerk of abandoned funds on deposit in the registry of the civil district court in the manner set forth in the section.
Counsel for the clerk also argues that R.S. 9:151 poses a further insuperable-barrier to any claim by the public administrator to a right to possess or administer the funds deposited with the liquidators-herein in the registry of the court. That section provides:
“Disposition of money; release from-liability
“Any other provision of the Revised. Statutes to the contrary notwithstanding,, any person, except a banking institution-, subject to the provisions of R.S. 6:164 and national banks, trust company, or insurance company, having possession or control of any money belonging to an: owner who is unknown or who has not been heard from for more than three-years, shall pay the same to the collector of revenue and shall thereby be relieved! of all liability therefor. As amended Acts 1958, No. 507, § 1.”
In support of his argument counsel, points to the introductory clause “Any other provision of the Revised Statutes to-the contrary notwithstanding” which was added to R.S. 9:151 by Act No. 507 of." 1958 and to the exception at the beginning; of R.S. 9:1585: “Except as otherwise-provided for in R.S. 9:151, et seq.,” and' contends that the provisions of R.S. 9:151 require that any abandoned funds in the registry of the civil district court be paid to the collector of revenue.
Whereas we have concluded that the public administrator has no right to claim-the administration of the abandoned or unclaimed funds in question, no purpose would be served by our further discussing R.S. 9:151 or endeavoring to resolve the serious conflict apparently existing between-that section and R.S. 9:1585 or between R.S. 9:151 and R.S. 13:1310. But it is-clear that R.S. 13:1310 stripped the public administrator of all and any authority or right to administer the questioned funds-if he ever had any, and, as Scanlon’s *315 ■appointment as “Administrator herein” is ■not authorized by any law we know of, no judge of any court could have legally made such an appointment.
We are constrained to hold that Scanlon’s -appointment as administrator of the funds and the ensuing letters of administration issued to him were null and void ab initio, ■and that any proceedings taken by him thereunder or in connection with his application for appointment are without any legal effect ■whatsoever. Consequently, the judgment of the trial court ordering the clerk to deliver the alleged unclaimed funds to him as public administrator was improvidently rendered and should be reversed.
Of course, we make no decision as to what might be the duties of the clerk of the civil district court under or whether he is amenable to R.S. 9:151, R.S. 13:1310 or any other provisions of law respecting ¡the ttnclaimed funds remaining from the deposits made by the liquidators herein in the registry of his court.
The thought occurred to us that the public administrator ruled the wrong person into court in attempting to obtain possession of the alleged abandoned funds. As pointed out above, R.S. 39:1231 provides such funds “shall be subject to such rules and regulations as may be prescribed by the judges of the civil district court.” But, it is obvious that a ruling as to who is the proper defendant in rule need not be made.
For the reasons assigned, the judgment herein appealed from ordering Thomas S. Buckley, Clerk of Court, to turn over to L. J. Scanlon, Public Administrator, the sum of $11,055.10, which remains from the amounts deposited in the registry of the •civil district court by the liquidators herein, is annulled and reversed and it is now ordered that the rule taken by the public administrator on the clerk of court to turn over the said funds be and the same is hereby dismissed.
Annulled, reversed, rule dismissed.